[Civ. No. 4153. First Appellate District, Division One.—February 23, 1922.]

STANDARD IRON WORKS (a Corporation), Appellant, v. MARYLAND CASUALTY COMPANY (a Corporation), Respondent.

[1] MECHANICS' LIENS — ACTION ON CONTRACTOR'S BOND — TIME OF COMMENCEMENT.—Where a contractor's bond conditioned, as required by section 1183 of the Code of Civil Procedure, for the payment of the claims of persons performing labor or furnishing materials upon said work provides that any suit brought on such bond to recover any claim thereunder "must be instituted within the time allowed by law for instituting a suit to enforce a lien claim," a materialman who has not filed a claim of lien may commence an action on such bond at any time within 120 days from the recording of notice of completion of the work.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

Arthur F. H. Wright for Appellant.

Sweet, Stearns & Forward for Respondent.

KERRIGAN, J.—This is an action to reform a bond and to recover against the surety on the bond as reformed the contract price for furnishing and installing an elevator.

On August 21, 1919, B. F. Decker entered into an agreement with two certain persons to repair, add to, and alter a certain building in the city of San Diego known as the French Laundry. The plaintiff, Standard Iron Works, as a subcontractor, furnished and installed an elevator in said building under a contract so to do, but was not paid therefor. A bond had been furnished to the owners of the building by B. F. Decker, the original contractor, with the defendant, Maryland Casualty Company, as surety thereon. This bond was conditioned, as required by section 1183 of the Code of Civil Procedure, for the payment of the claims of persons performing labor or furnishing materials upon said work, and it gives to such persons a right of action upon the bond directly or in any suit brought to foreclose the liens provided for by law. Said bond contains this provision: ''That any suit brought on this bond to recover any claim hereunder must be instituted within the time allowed by law for instituting a suit to enforce a lien claim.''

The alterations and additions to the building were completed early in December, 1919, and notice of completion was recorded December 15, 1919. The plaintiff filed no lien, and brings this suit to enforce its claim against the surety on the bond, a course of procedure sanctioned in this state (*General El. Co.* v. *American Bonding Co.*, 180 Cal. 675 [182 Pac. 444]).

The record does not show when the original complaint was filed, but plaintiff states that it was filed April 8, 1920, and as this statement is not denied in defendant's reply brief we will accept it as stating the fact correctly. On September 20, 1920, the plaintiff filed an amended complaint, alleging that a mistake in the description of the premises concerned had been made by all of the parties to the bond and contract; and in addition to praying judgment for the value of the elevator furnished, asked that the bond be reformed to conform to the facts alleged.

Upon plaintiff closing its case, having shown the facts to be as above stated, a motion for nonsuit was made by the defendant, which was granted, on the ground that suit was

not commenced upon the bond within ninety days from the filing of the notice of completion of the contract.

[1] It will thus be seen that the plaintiff filed its complaint after the expiration of ninety days but before the expiration of 120 days, from the filing of notice of completion of the building; and the principal question for determination is, Was the action commenced in time in view of the above-quoted provision in the bond?

As we have seen, the bond provides that any suit brought thereon to recover any claim thereunder must be instituted within the time allowed by law for instituting a suit to enforce a lien claim. The time allowed for commencing an action to enforce a lien claim is ninety days from the filing of the claim of lien (Code Civ. Proc., sec. 1190); and the difficulty in the case at bar is to apply such provision to an action directly on the claim where no lien has been filed and where, consequently, the starting point of the ninety-day period is not precisely determined by that event.

It is argued by the respondent—and this view was adopted by the trial court—that the language found in the bond, "time allowed by law for instituting a suit to enforce a lien," is merely equivalent to the words "ninety days," and, no lien having been filed, the ninety-day period starts with the recording of notice of completion of the work. The appellant, on the other hand, contends that the language quoted from the bond contemplates the inclusion not only of the ninety days after the filing of the lien but also of the time allowed for such filing.

We think the construction contended for by the respondent is too narrow. If the intention of the parties to the bond was to limit the time for commencing an action upon a claim as to which no lien had been created to ninety days from the recording of notice of the completion of the work, that intention could readily have been expressed without the slightest ambiguity. In adopting the language they did their intention was to place the two kinds of action in the same situation as regards the time of commencement; in other words, the limit of time within which an action to foreclose a lien might be brought being ninety days after its filing, which period, however, might start to run at any time within thirty days of the notice of completion of the work, depending upon the date of the filing of the lien within

said thirty days, the ultimate limit of time within which a suit to foreclose the lien could be brought is thirty plus ninety days. Broadly speaking, this is the time allowed by law for instituting an action to foreclose a lien; and as the parties to the bond, instead of designating a definite number of days for the commencement of an action directly upon the claim, attempted to limit it by a reference to a particular situation, we must take that situation as the measure to be applied. Its application warrants a maximum allowance of thirty plus ninety days for the bringing of the action here in question. There is certainly nothing in the language of the bond to disclose an intention that the latter sort of action must be brought within less time than the foreclosure suit would ordinarily be commenced in. It seems reasonable to suppose that the difference in the situation of the two actions in respect of the absence of a point of departure for the period allowed for the commencement of an action directly on the claim was not present to the minds of the parties to the bond, but that what was present was the general situation that the law had set a limit upon the time within which the foreclosure suit might be commenced, and they wished to make such provision applicable to a direct action on the claim. It must be borne in mind that in the absence of this provision of the bond such an action would be governed by the general provisions of the code; and while the obligor in a bond may within reasonable limits stipulate for a shorter time, there is a point which would be held to be unreasonable; and as between the respective periods contended for in the present case that insisted upon by the appellant has at least the advantage of greater reasonableness.

We conclude that as the present action was brought within 120 days from the recording of notice of completion of the work, it was in time, and that the court's action in granting a nonsuit based upon this ground was erroneous.

Other points are made by the respondent which he claims supports the order granting said motion. We have examined them, and, having found them to be without substantial merit, no discussion of them is necessary.

For the reason given the judgment is reversed.

Richards, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was not acting.