[Civ. No. 5435.   Third Appellate District.—December 13, 1935.]

BANDINI ESTATE COMPANY (a Corporation) et al., Appellants, v. H. A. PAYNE, County Auditor, etc., et al., Respondents.

U. T. Clotfelter, L. W. Butterfield, W. Sumner Holbrook, Jr., Holbrook, Taylor, Tarr & Horton, Leroy M. Edwards, O. C. Sattinger, Christian H. Hartke, Lloyd Wright, H. B. Green, Paul R. Watkins and Paul Overton for Appellants.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondents.

THOMPSON, J.—The petitioners have appealed from a judgment of dismissal which was rendered against them following an order sustaining a demurrer and denying leave to amend the petition for a writ of *mandamus* brought to compel the Auditor and the Tax Collector of Los Angeles County to change the amounts of taxes levied against certain described properties in that city for the year 1933–1934 and to accept greatly reduced figures in full payment thereof.

The petition alleges that the appellants own 173 parcels of real property in Los Angeles County consisting of 2,463 acres of land which were assessed at a valuation of $3,425,780 in the year 1933; that the assessor's valuations thus fixed and extended on the assessment rolls were grossly excessive, unjust, discriminatory and fraudulent to the extent of the aggregate sum of $1,287,770; that petitioners subsequently filed

written protests against such assessments with the Los Angeles County board of equalization, which were regularly heard at an eleven days' session of the board held for that purpose, and at which a thousand pages of testimony were adduced. The entire record of that proceeding is made a part of the petition for a writ of *mandamus* as exhibit "K" thereof. The board denied each and all of the protests and approved the valuations previously fixed by the assessor, which were found to be fair, reasonable and just. The alleged fraudulent, unjust, excessive and discriminatory acts of the assessor are asserted to have been the result of his arbitrary and wrongful fixing of valuations, contrary to an ordinance previously adopted, in excess of fifty per cent of the full and fair value of said properties in a time of unusual financial depression. A demurrer to the petition was sustained on the ground that it fails to state a cause of action against these respondents warranting the issuing of a peremptory writ of *mandamus*. The appellants were denied leave to amend their petition. A judgment of dismissal was accordingly rendered. From that judgment this appeal was perfected.

The granting of a peremptory writ of *mandamus* in this proceeding was properly denied. ▮ The petition fails to state a cause of action. The application for the writ is directed only to the Auditor and Tax Collector of Los Angeles County, neither of whom has any legal duty or authority to fix or change the valuations of property or the amounts of taxes to be levied thereon. A writ of *mandamus* will not issue to compel one officer to perform the duties imposed by law upon another officer. A writ of *mandamus* will issue only against a person, officer or inferior tribunal "to compel the performance of an act which the law specially enjoins" upon such individual or officer. (Sec. 1085, Code Civ. Proc.; 16 Cal. Jur. 764, secs. 4 and 27; *Boggs* v. *Jordan,* 204 Cal. 207, 216 [267 Pac. 696].)

▮ Even though this petition were directed to the board of equalization which has the legal authority to adjust taxes in a timely and proper proceeding therefor, it fails to state facts sufficient to warrant the issuing of a writ of *mandamus* for the reason that this is an evident attempt to review the proceedings of that board and control its judicial discretion to determine the valuations of properties for the purpose of taxation. It is an established principle of law that *mandamus*

will not issue to control the exercise of the discretion of a judicial or *quasi*-judicial tribunal in the determination of a controversy which is dependent on disputed facts. (*Tilden* v. *Board of Supervisors,* 41 Cal. 68; *Sullivan* v. *Gage,* 145 Cal. 759, 767 [79 Pac. 537]; *La Grange etc. Co.* v. *Carter,* 142 Cal. 560, 565 [76 Pac. 241]; *Hammond Lumber Co.* v. *County of Los Angeles,* 104 Cal. App. 235, 241 [285 Pac. 896]; 16 Cal. Jur. 809, sec. 28.) In the Sullivan case, *supra,* it is said in that regard:

" 'Whether the claim is a proper town or county charge, in a case where it is doubtful, and rests upon disputed evidence, and what amount shall be allowed when not fixed by statute, are questions which the statute commits to the determination of the board of audit; and however much it may err in judgment upon the facts, so long as it keeps within its jurisdiction, and acts in good faith, its audit cannot be overhauled, but is final.' "

The preceding language is applicable to the present proceeding in which the board of equalization sitting as a *quasi*-judicial tribunal passed upon conflicting evidence which was adduced in an eleven-day hearing before it and formally sustained the taxes which had been previously levied against petitioners' properties by the assessor. The implied findings of the board that the properties were fairly and uniformly assessed without the exercise of fraud is amply supported by the evidence. ■ Section 3627 of the Political Code provides that "all taxable property must be assessed *at its full cash value*". The term "full cash value" as it is used in the last-mentioned section is defined as "the amount at which the property would be taken in payment of a just debt from a solvent debtor". (Sec. 3617, subd. 5, Pol. Code.) There is nothing in the record to indicate that the properties which are involved in this proceeding would not be so accepted at the valuations fixed by the assessor of Los Angeles County for the purpose of taxation and approved by the board of equalization. In the absence of evidence to the contrary, we must assume that the assessor and the board of equalization properly performed their respective duties and that the values of all Los Angeles properties were ascertained and fixed on the basis of a lawful valuation and without discrimination. It is necessarily true that in times of great financial depressions the immediate market value of real property decreases and the

comparative burden of taxes is therefore greater than in times of prosperity. The necessity of raising funds by taxation for the operating expenses of local, state and federal government exists in times of depressions as well as in times of prosperity. ■ So long as taxes are lawfully and uniformly assessed without fraud or undue oppression, the method of ascertaining the valuation thereof as a basis for levying taxes may not be interfered with by means of mandate. The fact that an assessor formerly followed the custom which was authorized by a city ordinance of accepting as a basis of property valuations for the purpose of taxation only 50 per cent of the "full cash value" thereof, and later increases that valuation, so long as he does not exceed the maximum "full cash value" fixed by law, furnishes no evidence of fraud or oppression, provided all other properties are assessed on the same relative uniform basis.

■ The ordinance upon which the petitioners rely is improperly pleaded by reference to its number only. Section 459 of the Code of Civil Procedure requires at least a reference to the title of an ordinance and a statement of the date of its passage to constitute a proper pleading thereof. The ordinance is not before this court and we are not informed of its exact provisions. It is not necessary for us to determine whether a city may lawfully authorize its assessor to accept 50 per cent of the value of property within its limits as a basis for levying taxes, contrary to the state law which requires all taxable property to be assessed for "its full cash value". It does not appear the ordinance is mandatory in that regard.

We are of the opinion the petitioners have misapprehended their proper remedy for an alleged discrimination against them by the levying of illegal taxes, in seeking by mandate to compel the Auditor and the Tax Collector to perform duties which are imposed by law only upon the assessor or the board of equalization. This is not a suit for reimbursement of alleged illegal taxes which have been levied and collected. No part of the taxes levied against any of the properties of these petitioners for the year 1933–1934 has been paid. This is an apparent effort to review the *quasi*-judicial proceedings of a board of equalization by means of a writ of *mandamus*. It is evident that the proceedings of the board could not ordinarily be reviewed in a *mandamus* proceeding. ■ In or-

der to accomplish that purpose the petitioners have attempted to make the proceedings of the board a part of their petition for a writ of *mandamus* by referring to a thousand-page transcript thereof as exhibit "K". This is certainly not an approved way of converting a *mandamus* proceeding into a writ of *certiorari*, and it violates the established principle that evidentiary matters should not be pleaded. The general rules of pleading apply also to *mandamus* proceedings. (16 Cal. Jur. 858, sec. 60; sec. 1109, Code Civ. Proc.; *People* v. *Board of Supervisors*, 27 Cal. 655.) The complaint must consist of a statement of facts "in ordinary and concise language". (Sec. 426, Code Civ. Proc.) It is usually improper to plead evidentiary facts. (21 Cal. Jur. 20, sec. 8; 21 R. C. L. 443, sec. 6.)

For the reason that the petition for a writ of *mandamus* in this proceeding fails to state a cause of action against these respondents and that it is apparently impossible to do so under the circumstances of this case, the demurrer was properly sustained without leave to amend.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1936.