[Civ. No. 14810. Second Dist., Div. One. Aug. 30, 1945.]

NORTH SIDE PROPERTY OWNERS' ASSOCIATION (a Nonprofit Corporation), Plaintiff and Appellant, v. HILLSIDE MEMORIAL PARK (a Corporation) et al., Respondents; HUGHES TOOL COMPANY (a Corporation), Intervener and Appellant.

Vernon P. Spencer for Plaintiff and Appellant.

Howard P. Hall and Burr & Smith for Intervener and Appellant.

O'Melveny & Myers and Jackson W. Chance for Respondents.

J. H. O'Connor, County Counsel, and Edward H. Gaylord, Deputy County Counsel, as Amici Curiae on behalf of Respondents.

WHITE, J.—Plaintiff, North Side Property Owners' Association (hereinafter referred to as the "Association"), a

nonprofit corporation composed of property owners and home owners owning land in the northwest portion of the city of Inglewood, in Los Angeles County, instituted this action to enjoin defendants from establishing and maintaining a cemetery on certain described land, under a permit granted and issued by the Board of Supervisors of Los Angeles County (hereinafter referred to as the "Board"), pursuant to the provisions of Ordinance No. 2854 (N. S.) of said county, as amended by Ordinance No. 2919 (N. S.). Subsequent to the filing of said action, plaintiff Hughes Tool Company, a corporation (hereinafter referred to as the "Tool Company") engaged in the manufacture of essential war materials upon lands situate within one-half mile of the proposed cemetery site, and employing 2,500 men and women, filed its complaint in intervention. Following the filing of answers to the complaint and complaint in intervention, defendants moved for judgment on the pleadings, which motion was granted. From the judgment entered thereon, both plaintiff and intervenor prosecute this appeal.

The instant proceeding is a companion case to the one numbered in this court 14795, entitled *North Side Property Owners' Association and Hughes Tool Company, a corporation,* v. *County of Los Angeles and the Board of Supervisors thereof,* wherein plaintiff and intervenor herein sought a writ for the purpose of reviewing the proceedings and order of the board granting to defendants herein the permit to establish, maintain and operate the private cemetery here in question, and which case was this day decided (*ante,* p. 598 [161 P.2d 613]).

In general, plaintiff's complaint and the complaint in intervention contained the identical allegations set forth in their aforesaid petition for writ of review. In short, it was alleged that defendants herein filed their application with the Regional Planning Commission of Los Angeles County (hereinafter referred to as the "commission") for a permit to establish and maintain a private cemetery; and, after a hearing before said commission and later before the board, the latter made its order pursuant to the terms of the foregoing ordinance granting such permit. After challenging the jurisdiction of the board to grant such permit on the ground that the procedural requirements of the ordinance were not complied with, it was alleged that, if defendants are permitted to establish and maintain a cemetery on the lands described,

the waters which drain from said cemetery land would drain into the water supply underlying the lands of members of plaintiff association and of the intervenor; that such water supply would be polluted and contaminated by the waters draining from the cemetery lands, thereby menacing and endangering the health of a substantial number of the members of plaintiff association and of the employees of the intervenor, thereby interfering with the pursuit of its business by said intervenor. It was also alleged that the operation and maintenance of said cemetery would become an obstacle to the free use of surrounding property so as to "interfere with the comfortable enjoyment of life or property," and that the proposed cemetery would obstruct or impede the free passage on or use in the customary manner of the public streets and highways leading to and surrounding the cemetery property.

It requires no citation of authority for the statement that where judgment has been rendered for defendants on the pleadings, the sole question is whether the complaint states a cause of action; that in passing upon such motion for judgment on the pleadings nothing may be considered but the complaint itself. Nothing dehors the complaint, nor any defense thereto set up in the answer, can be taken into account in disposing of such a motion. The truth of the allegations contained in the complaint must be assumed and, if the pleading alleges ultimate facts which disclose the existence of a cause of action in favor of plaintiff, then the motion for judgment on the pleadings must be denied.

It is the contention of appellants herein that the trial court erred in granting the motion of respondents for judgment on the pleadings, for the reason that the plaintiff's complaint and the complaint in intervention alleged ultimate facts which disclose that:

(a) The board of supervisors did not have jurisdiction to grant the cemetery permit sought by respondents; and

(b) The establishment and maintenance of the cemetery in question constitutes a private nuisance, which appellants are entitled to enjoin.

However, in the instant action, appellants cannot invoke, nor rely upon, the foregoing and well-recognized rule governing motions for judgment on the pleadings. This, for the reason that in the case with which we are here concerned, when the motion for judgment on the pleadings was submit-

ted, it was stipulated between the respective parties that, in passing upon said motion, the trial court might consider all proceedings before and all evidence taken by the regional planning commission and the board of supervisors contained in the reporter's transcripts of both hearings, all applicable county ordinances, the jurisdictional notices actually given and pursuant to which the aforesaid commission and board hearings were held; the report of the planning commission recommending to the board that the cemetery permit be granted, the permit granted by the board, the fact that counsel and representatives of both appellants appeared before and were heard by the commission and the board in opposition to the granting of the cemetery permit at their respective hearings, and as a result of which hearings the board issued the cemetery permit involved in this action. Thus, we see that in ruling on the motion for judgment on the pleadings, the trial court, pursuant to the aforesaid stipulation, was permitted and authorized to review the proceedings had and evidence taken by both the commission and the board in granting to respondents the cemetery permit.

In the aforesaid writ of review case, the trial court held that the board of supervisors was clothed with jurisdiction to grant the cemetery permit sought by respondents herein, and the judgment therein was this day affirmed by this court (*North Side Property Owners' Assn.* v. *County of Los Angeles, supra*). Pursuant to the foregoing stipulations, and upon the authority of the case just cited, it must be held that, insofar as appellants' attack herein upon the jurisdiction of the board of supervisors is concerned, the trial court's ruling on the motion for judgment on the pleadings was correct and proper. The stipulation served to render totally inapplicable the many cases cited by appellants or the long established principles of law which ordinarily govern motions for judgment on the pleadings. The stipulations authorized the trial court to venture far beyond the allegations of the complaint and to consider all of the proceedings had before the administrative boards in connection with the application of respondents for the cemetery permit; to examine the applicable county ordinances and to take into consideration the evidence offered in the proceedings before the administrative boards, to take into consideration the fact of personal appearances by appellants, through their counsel, at the hearings

before the commission and the board. The proceedings herein, under the aforesaid stipulations, are comparable to those in which the court reviews the records of an administrative body on a general demurrer to the petition when the full transcript of the administrative proceedings is made a part of the petition for review (*Vaughn* v. *Board of Police Commissioners*, 59 Cal.App.2d 771 [140 P.2d 130]; *Sipper* v. *Urban*, 22 Cal.2d 138 [137 P.2d 425]).

We come now to a consideration of appellants' claim that the complaint and complaint in intervention pleaded ultimate facts which entitled them to a hearing in equity and to the right to submit proof that the establishment and maintenance of the cemetery here in question constitutes a nuisance which appellants are entitled to enjoin.

There are two answers to appellants' contention in this regard. In the first place, it is a well-recognized doctrine that where a party has an adequate remedy at law he may not resort to a court of equity for injunctive relief (*City of South Pasadena* v. *Pasadena Land & Water Co.*, 152 Cal. 579, 595 [93 P. 490]; *Winrod* v. *Wolters*, 141 Cal. 399, 402 [74 P. 1037]). A plain, speedy and adequate remedy at law was open to appellants. In fact, they exercised such remedy when they instituted the review proceedings. A comparison of the complaint and complaint in intervention herewith with the petition for the writ of review reveals the fact that the issues presented on the writ of review and those tendered in the case at bar are identical. In the instant case, the trial court found that appellants, and each of them, "has an adequate legal remedy by the bringing and determination of said companion case No. 492,580; . . ." We are not here concerned with a case wherein the constitutionality of the ordinance under which respondents obtained their cemetery permit is under attack, and where neither certiorari nor mandamus are available as remedies. Here the appellants admit the constitutionality of the ordinance and proceeded under its terms to oppose the granting of the cemetery permit to respondents. And when the permit was granted, they challenged the validity of the same by writ of review, upon grounds exactly similar to the claims urged here. Conceding the constitutionality of the applicable ordinances, which provide that a cemetery may be established on the property here in question when a permit is granted therefor by the board

of supervisors, it must be held that a speedy and adequate remedy at law was afforded appellants by a writ to review the legality of the board's action in granting the permit, a remedy to which appellants resorted and in which they litigated the precise issues tendered in the instant proceeding. The record herein reflects that, at the administrative hearing before the commission, one of the objectors present raised the point that the underground water supply would be injuriously affected by the proposed cemetery, and evidence thereon was received by the commission from the County Health Department, which had examined the area in question, and which evidence was that the objectors' claim was groundless. Upon that issue, the commission made a specific finding that:

"The water table in this district is low, and the Health Department and Flood Control District have submitted reports favorable to the granting of this permit. . . . After consideration of all the evidence, testimony, and factual data presented in this case, and after having made a field investigation of the premises and surrounding properties, and having determined that the use of the property in question for the establishment of a cemetery in accordance with the provisions above set forth would not become a public nuisance and would in no way jeopardize or adversely affect the public health, safety, or general welfare. . . ."

In granting the cemetery permit, the board adopted the foregoing finding of the commission. ▊ In hearing and passing upon an application for a cemetery permit under the ordinances, the administrative body functions in a judicial or quasi judicial capacity (*Ware* v. *Retirement Board,* 65 Cal. App.2d 781, 793 [151 P.2d 549]; *Greif* v. *Dullea,* 66 Cal.App. 2d 986, 1009 [153 P.2d 581]; *Dierssen* v. *Civil Service Commission,* 43 Cal.App.2d 53, 63 [110 P.2d 513]). If appellants had any evidence to support their claim of underground water pollution, they should have presented it to the administrative bodies, and the same would have been reviewed by the court on the writ of review. Under the above-mentioned stipulations, filed in this case, which permitted the trial court to consider the evidence presented to the administrative boards, the trial court was authorized to assume that, if appellants were in possession of any additional evidence of underground water pollution, they would not have remained silent before commission and the board. Whatever evidence appellants did present to the administrative board was re-

viewed by the court in the instant case, which, under the stipulation, amounted practically to a trial on the merits when the court had under consideration the motion for judgment on the pleadings.

We are persuaded that appellants not only had a speedy and adequate remedy at law, but that they availed themselves of the same. Therefore, a suit in equity to enjoin a private nuisance cannot be maintained. Furthermore, we are impressed from a reading of the allegations and prayer contained in appellants' pleadings in the review case and in the present proceeding, that the sole and only purpose and object of the present action is to accomplish the identical results sought in the review proceeding, namely, to attack the validity of and to set aside the cemetery permit granted respondents. The legal remedy utilized by appellants was wholly adequate to accomplish the main, if not the sole, purpose sought in the two proceedings.

Finally, we are persuaded that under the pleadings the court was required, because of the provisions of section 731a of the Code of Civil Procedure, to grant the motion. The section in question was made a part of the code in 1935 and, so far as material to the issues here involved, reads as follows:

"Whenever any city, city and county, or county shall have established zones or districts under authority of law wherein certain manufacturing or commercial uses are expressly permitted, no person or persons, firm or corporation shall be enjoined or restrained by the injunctive process from the reasonable and necessary operation in any such industrial or commercial zone of any use expressly permitted therein, nor shall such use be deemed a nuisance without evidence of the employment of unnecessary and injurious methods of operation. . . ."

The cemetery site for the establishment and maintenance of which a permit was granted respondents by the board is situated in Zone M-3. Under County Ordinance No. 1494 (N. S.), as amended, the unincorporated area of Los Angeles is divided into 16 zones, of which one is Zone M-3, and it is further provided that the area within said Zone M-3 may be used for any commercial use whatsoever, save and except that before any property situate in such Zone M-3 can be used for cemetery purposes a permit must be obtained from the board.

Use of the property here in question for cemetery purposes is specifically authorized by the permit issued to respondents by the board and the legality of the proceedings in which such permit was granted has been upheld by the trial court, as well as by this court (*North Side Property Owners' Assn.* v. *County of Los Angeles, supra*).

The question then arises whether the establishment and maintenance of a cemetery comes within the purview of section 731a of the Code of Civil Procedure. That the maintenance and operation of a cemetery is a "commercial use" within the meaning of the code section to us seems obvious. Section 7020 of the Health and Safety Code defines the maintenance of a cemetery as a "business"; section 8275 of the same code provides who may engage in or transact any of the "businesses of a cemetery" within this state. In *Building Commissioner of the Town of Brookline* v. *McManus* (1928), 263 Mass. 270 [160 N.E. 887], it was held that "undertaking, as commonly carried on is not a profession; it is a business or occupation"; and in *Meyer* v. *Stein* (1940), 284 Ky. 497 [145 S.W.2d 105, 107], the court stated "Therefore, we are constrained to hold these covenants excluded the use of the residence on Lot No. 27 as a funeral home, since it cannot be denied that a funeral home is a commercial enterprise." To us it seems quite clear that the use of land for cemetery purposes is a "commercial use" within the meaning of section 731a of the Code of Civil Procedure, and is therefore properly excluded by the County Zoning Ordinance from a residential zone and confined to Zone M-3, which provides for the unlimited and unrestricted use or occupancy of lands therein situate, except that in the case of cemeteries a permit must be obtained from the board of supervisors, as was done in the instant case.

The only restriction enjoined upon "commercial uses" by section 731a of the Code of Civil Procedure is that the operation thereof shall be "reasonable and necessary." It is only when there is evidence of the employment of "unnecessary and injurious methods of operation" that any "commercial use" referred to in section 731a of the Code of Civil Procedure may be deemed a nuisance. Nowhere in the complaint or the complaint in intervention herein is there any allegation that respondent proposes to or will operate said cemetery in any other than a "reasonable and necessary" manner as ceme-

teries are usually and ordinarily conducted, nor is there any allegation of the threatened use of "unnecessary or injurious" methods in the operation of the cemetery. No cause of action on the nuisance theory is therefore stated in appellants' pleadings. Neither plaintiff nor intervenor in the instant proceeding seeks to recover damages. They challenge only the legality of the cemetery permit issued to defendant Hillside Memorial Park, a corporation, and seek to enjoin the latter from establishing and maintaining the said cemetery. The "commercial use" of the property in question, located as it is in Zone M-3, being expressly authorized by County Zoning Ordinance, and a permit to establish and maintain such property as a cemetery having been granted in conformity with the county ordinance, there being no allegation that respondents threaten to or will use the property in any but a "reasonable and necessary" manner, as cemeteries are ordinarily conducted, it follows that all the requirements of section 731a of the Code of Civil Procedure are here present, and the trial court properly denied appellants injunctive relief (*McNeill* v. *Redington,* 67 Cal.App.2d 315 [154 P.2d 428]).

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied September 25, 1945, and appellant Hughes Tool Company's petition for a hearing by the Supreme Court was denied October 25, 1945.