[Civ. No. 15644. Second Dist., Div. Two. Feb. 4, 1947.]

EDWARD DE MIRJIAN, Appellant v. MORRIS S. LUTINSKY et al., Respondents.

Pearlson & Singer for Appellant.

Mortimer Vogel for Respondents.

WILSON, J.— What purports to be a statement of facts in appellant's brief does not relate the facts as required by the Rules on Appeal* but is merely a statement

---

*The Rules on Appeal became effective on July 1, 1943. Rule 13 (22 Cal.2d 1, 12) requires that the appellant's opening brief "shall contain a statement of the case, setting forth concisely, . . . the nature of the action or proceeding and the relief sought, a summary of the material facts, and the judgment or ruling of the superior court."

of appellant's contentions, which the court found were not sustained by the evidence. We therefore accept the statement of facts set forth in respondent's brief, the correctness of which has not been disputed by appellant. Judgment was in favor of defendant. Plaintiff appeals.

Appellant agreed to sell his service station to respondent for the sum of $2,000, to transfer the lease and to obtain the consent of the lessor to the transfer. Appellant handed the lease to respondent and informed the latter that he should pay the rent to the lessor. The lessor substituted respondent as the lessee, agreed to look to him for the rental, and released appellant from further liability by reason of the lease. Respondent took possession of the service station and arranged with the various governmental authorities to change all permits into his name. The parties went to the bank where respondent paid appellant $2,000 by certified check and an additional sum of $232 which represented the value of merchandise on hand, and $50 which had been deposited by appellant for the last month's rental under the lease. There is substantial evidence in the record sustaining the foregoing statement of facts.

 Appellant contends that a formal written agreement concerning the sale of the premises was never entered into, and asserts that in the oral negotiations preceding the transfer of the lease and the payment of the money respondent agreed that until August 15, 1946, he would sell gasoline distributed by appellant, and that when the written transfer was made respondent refused to include such agreement as one of the conditions of the sale. This contention is answered by the finding of the court that appellant's allegation on such issue is untrue. Since the finding is sustained by substantial evidence of the facts above recited the findings of the court and the judgment will not be disturbed. (*Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777, 779 [163 P.2d 756] and cases cited.)

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.