[Civ. No. 13465.   First Dist., Div. Two.   May 28, 1948.]

BARBARA PRICE, Appellant, v. HAROLD H. PRICE, Respondent.

Wm.. F. Rose for Appellant.

Augustin C. Keane for Respondent.

FINLEY, J. pro tem.—This is an appeal from a judgment for defendant on the pleadings.

The complaint is titled: "Complaint for Damages for breach of contract." The first two paragraphs read as follows:

"I.

"That on the 24th day of January, 1935, plaintiff and defendant being then married to each other, entered into a property settlement agreement, a copy of which is hereto attached, made part of this complaint and marked Exhibit 'A' for identification.

"II.

"That thereafter in the proceedings Numbered 254543 in the Superior Court of the State of California, in and for the City and County of San Francisco, an interlocutory decree of divorce was entered in favor of plaintiff and against defendant, and that the aforementioned Exhibit 'A' was, by order of the Court, made a part of its decree; and that on or about the 6th of February, 1936, in the said proceedings, a final decree of divorce was entered, and that said Exhibit 'A' was likewise made a part of the said final decree."

The complaint was filed on November 4, 1945, more than 10 years after the date of the agreement as alleged in paragraph I above. On February 2, 1945, defendant interposed a general and special demurrer specifying, in part, in addition to the general ground: (a) That the complaint according to its allegations was based upon matters theretofore adjudicated in another action wherein final judgment had been entered; (b) That it did not appear that plaintiff had exhausted her remedies in that action; and (c) That the action was barred by the provisions of chapter III, title 2, part 2 of the Code of Civil Procedure and in particular the provisions of sections 336 and 337.

On March, 1946, this demurrer was overruled without prejudice and later defendant filed his answer reasserting the grounds for demurrer above set forth in addition to the ordinary denials. At the time of trial, July 12, 1946, defendant moved for judgment on the pleadings which motion was granted. Judgment filed on September 5, 1946.

In her brief plaintiff refers to provisions of the interlocutory and final decrees of divorce which were not before the trial court nor are they before us. According to the complaint the property settlement agreement, attached thereto as an exhibit (Exhibit A), was "made a part" of both decrees so those portions only of said decrees which may be represented by the agreement are a part of the record and properly before us. All reference and quotations in the brief to other portions of those decrees will not be considered, for in passing upon the propriety of a judgment based upon the pleadings alone we can consider only the matters and things appearing in the pleadings themselves. We cannot examine or consider documents merely mentioned and not incorporated into the pleading by reference or otherwise Likewise plaintiff's motion to augment the record and produce additional evidence will be denied for this record cannot be augmented by something outside of the proceedings in the trial court and there can be no additional evidence where no evidence at all was introduced in any proceeding prior to appeal.

The sole question presented by the appeal is whether the trial court erred in granting defendant's motion for judgment on the pleadings. On this point the parties have confined their arguments to the question of whether if a property settlement agreement has by a recital in the decree been *made a part* of the interlocutory and final decrees of divorce, a separate action may be maintained on the agreement itself apart from these decrees. Plaintiff in argument states "that the divorce decrees adopted the property settlement by reference thereto, but that the agreement itself, or any part thereof is not attached to the interlocutory or final decrees of divorce." This is an observation *aliunde* the record and cannot be considered as a fact here. Whatever the actual situation may be, the complaint, referring to both divorce decrees, states that the agreement "was, by order of the court, made a part of its decree," and it is with the import of these words that we are concerned in passing upon the propriety of this judgment on the pleadings.

██ The question confronting us has recently been discussed in *Hough* v. *Hough*, 26 Cal.2d 605 [160 P.2d 15]. Therein the court states at page 609: "Turning first to the relation between the separation agreement and the divorce decree, it appears to be well settled, that if the agreement is presented to the court in the divorce proceeding for adjudication, and the agreement, or a part thereof, is *incorporated* in the decree and *made a part thereof*, the part so *incorporated* is merged in the decree." (Citing cases.) And further on in the opinion (quoting with approval from *Holloway* v. *Holloway*, 130 Ohio St. 214 [198 N.E. 579]), "A decree which *incorporates* an agreement is a decree of court nevertheless, and as soon as *incorporated* into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such. Once the contract is merged into the decree, the value attaching to the separation agreement is only historical." After concluding this quotation from *Holloway* v. *Holloway*, the court then goes on to say: "And it should logically and justly follow therefrom that thereafter there is no right of action on the agreement *incorporated* in the decree." (Emphasis added.)

It will be noted from this language that the determining factor is whether the agreement is *incorporated* into the decree and made a part thereof rather than being made a part of the decree by *reference*. Obviously there is a difference for if there is an actual *incorporation* of the agreement into the decree, the decree standing alone then carries within itself the complete measure of the rights and obligations of the parties. In the court's files, the decree or judgment itself supplies all the information necessary to whomsoever may be interested. If recorded it announces to the world the respective interests of the parties in any property involved.

If on the other hand the agreement is *made a part of the* decree by *reference* only the above is not true. One searching the file could not construct a complete picture of the rights and obligations of the parties from the decree or judgment alone. Reference might be to an exhibit attached to a *pleading*, to another judgment, or even to an agreement offered in evidence and withdrawn and not available as a part of any public record. In such a case it would not follow that the value attaching to such an unincorporated document would be "only historical." It or a true copy thereof would of necessity have to be sought out and produced in order to

determine what the complete judgment actually provided. If it could not be produced, or its terms definitely established, then that part of the judgment represented by it could not be enforced. In particular it could not be enforced by contempt proceedings. (*Hough* v. *Hough, supra; Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249]; *Schnerr* v. *Schnerr,* 128 Cal.App. 363 [17 P.2d 749].)

In *Lazar* v. *Superior Court, supra,* which case involved an agreement quite similar to the one here, at page 620, appears the following language: ''The question to be decided therefore is whether the provision for payment of $130 per month to the former wife is merely a part of an agreement between the parties under which *only the usual contract remedies are available,* or whether such provision is a part of the court's decree and, as such, an order for payment of support, maintenance or alimony which may be enforced by contempt proceedings. . . . If a property settlement agreement is complete in itself and is merely referred to in a divorce decree or approved by the court but not *actually* made a part of the decree, then the provisions of such agreement cannot be enforced by contempt proceedings. (Citing cases.) On the other hand, if, by the language of the agreement itself, it is shown that the intent was to make the agreement a part of a future divorce decree and, if the agreement is *actually incorporated* in the decree, then such provisions become a part of the order of the court and may be enforced as such.'' (Emphasis added.)

The plain import of this language seems to be in sensible conflict with the rule announced in the comparatively recent case of *Baxter* v. *Baxter,* 3 Cal.App.2d 676 [40 P.2d 536] where it is said: ''. . . an order of the court that the terms of the contract be carried out will be implied from the incorporation of the agreement in the decree, either bodily *or by reference.*'' (Italics added.) The cases of *Tripp* v. *Superior Court,* 61 Cal.App. 64 [214 P. 252], and *Ex parte Weiler,* 106 Cal.App. 485 [289 P. 645] are cited as authority for this statement, but an examination of those cases discloses that the Tripp case does not sustain such a rule, and that it is cited as sole authority for the pronouncement of such a rule in *Ex parte Weiler.* In the Tripp case the agreement was set out *in full* in both the interlocutory and final decrees and there is no statement in the opinion concerning any situation involving an incorporation by reference. As was stated in *Andrews* v. *Superior Court,* 103 Cal.App. 360, 365 [284 P. 494], referring to the Tripp case, ''the court, after setting

forth the property settlement in full in the interlocutory judgment, ordered in said judgment 'that said plaintiff shall take all of the community property as set forth in said property settlement and agreement as aforesaid.' Therefore that case is not authority for the contention that a mere incorporation by reference of a property settlement (not set forth in any pleading) in an interlocutory judgment of divorce is equivalent to a direct order for payment in accordance with such property settlement.'' A point of information in connection with the Andrews case is that the complaint did not mention or refer to any property settlement agreement nor was any request made therein that property rights be adjudicated or support money allowed. It differs in this respect from the present case and all others cited herein.

*Ex parte Weiler, supra,* was a proceeding on habeas corpus to secure release from custody for contempt of court by reason of refusal to comply with the court's order directing petitioner to make payments to his wife as provided in a property settlement which was referred to in the wife's complaint for divorce and treated in the interlocutory decree as follows: ''It is further ordered, adjudged and decreed that this court does hereby approve and confirm and make a part of this decree the provisions of that certain property settlement agreement made and entered into between the parties hereto and executed by them on the 15th day of May, 1928.'' At page 488 the court states: ''The trial court having confirmed the agreement it became a part of the court's decree.'' Citing *Locke Paddon* v. *Locke Paddon,* 194 Cal. 73 [227 P. 715]. In reviewing this cited case we find nothing therein to support said statement. The opinion in *Ex parte Weiler* continues, page 488: ''The fact that a copy of the agreement was not attached to, nor pleaded in *haec verba,* in the complaint is of no moment. We are not considering a demurrer. By an appropriate passage contained in the interlocutory decree and repeated in the final decree the agreement was made a part of each decree. What was formerly merely an agreement of the parties became a part of the judgment of the trial court.'' (Citing *Tripp* v. *Superior Court,* 61 Cal.App. 64 [214 P. 252].) As stated above the Tripp case is not authority for this statement since in the Tripp case the property settlement agreement was set forth in full in both interlocutory and final decrees.

It seems therefore that of the authorities coming to our attention, *Baxter* v. *Baxter, supra,* for which the only valid

authority cited is *Ex parte Weiler, supra,* are the only cases holding that a property settlement agreement actually becomes part of a divorce decree merely by referring to it with the statement that it is made a part of the decree. The several Supreme Court cases above referred to and discussed hold that in such an event there can be no enforcement of the provisions of the agreement by contempt proceedings. If this be so then the agreement is not a part of the decree for *all* purposes. If not, then where is the line to be drawn separating the sameness or difference between an agreement made a part of a decree by reference only and one incorporated bodily into, and the provisions thereof set forth and copied into the decree itself? In *Lazar* v. *Superior Court, supra,* the Supreme Court states that if a provision is merely a part of an agreement then ''only the usual contract remedies are available . . . If a property settlement agreement is complete in itself and is merely *referred to* in a decree of divorce or approved by the court but not *actually made* a part of the decree, then the provisions of such agreement cannot be enforced by contempt proceedings.'' (Emphasis added.) It would seem to logically follow then that if a property settlement is made a part of a divorce decree by mere reference it is not incorporated into the decree within the meaning of that term as it is used in the Supreme Court cases of *Hough* v. *Hough, supra,* and *Lazar* v. *Superior Court, supra,* and in the District Court of Appeal case of *Schnerr* v. *Schnerr, supra.* That consequently contempt proceedings are unavailable to assist in its enforcement and that resort may be had only to ''the usual contract remedies.''

That an agreement referred to in a decree and made a part thereof by reference only does not actually become a part of the decree for the purpose of enforcement as part of a judgment, but for purposes only of giving life and legal standing to an otherwise easily assailable contract even where by its own terms it does not require court approval to render it operative seems apparent from the theory of these cases. Therefore such an agreement may be enforced as such by resort to '' [T]he usual contract remedies,'' with its standing as a fair and equitable agreement res judicata when it has been approved in a divorce decree or by *reference* made a part thereof.

From the pleadings and record in the present case we cannot determine whether the agreement, Exhibit ''A,'' was ''made a part'' of the divorce decrees alluded to by

*actual incorporation,* that is by being copied in the decree or by being attached thereto as an integral part thereof or whether it was "made a part" thereof by merely referring to it. This was likewise unascertainable by the trial court from the pleadings. If the agreement was not actually attached to the divorce decrees or the provisions thereof copied into the decree then a separate action such as the one we are here concerned with based upon the contract itself is proper and a judgment on these pleadings predicated upon this issue alone was not proper. It is not mandatory that the usual contract remedies sought in connection with a property settlement agreement be invoked by further proceedings in the divorce action itself.

The allegation that any remedy sought by plaintiff is barred by the Statute of Limitation, chapter III, title 2, part 2 of the Code of Civil Procedure and specifically sections 336 and 337 as enumerated in the demurrer or 366 and 377 as enumerated in the answer was also before the trial court. The judgment does not specify any particular ground or grounds upon which it is based. The question of the bar of the statute was not raised or discussed by either party on appeal and will therefore not be considered here.

The judgment on the pleadings is therefore set aside on the ground that from the pleadings it is not ascertainable whether an action predicated upon the property settlement agreement may or may not be maintained and that such a determination can only be made through an amendment to the complaint or through the introduction of the divorce decrees into evidence. The action is therefore remanded for further proceedings in the trial court.

Nourse, P. J., and Dooling, J., concurred.