[Civ. No. 17410.   Second Dist., Div. Three.   Aug 21, 1950.]

R. W. AGNEW, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Joseph N. Owen and James A. Doherty, Deputy City Attorneys, for Appellants.

R. W. Agnew, in pro. per., for Respondent.

SHINN, P. J.—Plaintiff brought this proceeding for a writ of mandate to compel the city of Los Angeles to issue him a permit to install electrical work. He alleged that he holds a state license as an electrical contractor; that the city refused to issue a permit until he had paid $100 to defray expenses of inspections and other charges and had given a bond of $1,000 conditioned for the payment of damages that might be suffered by any person through the violation of the building ordinance by him. He challenged the validity of these requirements on constitutional grounds. In his petition he referred to the ordinance in question by number but did not attempt to plead it in any other manner. The city answered and alleged that plaintiff had failed to comply with the ordinance by making the deposit and giving the bond required thereby. The answer of the city did not plead the ordinance, although it was referred to by number.

The parties entered into a stipulation for the purpose of simplifying the issues to be tried. It was stipulated that plaintiff holds a state license and that the ordinance in question contains certain provisions, copies of which were attached to the stipulation.

Plaintiff filed a written motion for judgment on the pleadings and the stipulation. The motion was granted. Defendant appeals from the judgment, which denied plaintiff a writ of mandate but declared the invalidity of the ordinance provisions which require the deposit and the bond.

Defendant's first point is that the ordinance was not pleaded so as to bring it before the court for consideration. This point is well taken. An ordinance may be pleaded by referring to its title and the day of its passage. (Code Civ. Proc., § 459.) Mere reference to an ordinance by number is not sufficient. (*Redwood Theatres, Inc.* v. *City of Modesto*, 86 Cal.App.2d 907 [196 P.2d 119]; *Bandini Estate Co.* v. *Payne*, 10 Cal.App.2d 623 [52 P.2d 959].)

It is assumed by the parties that the court deemed the

stipulation to be sufficient to place the entire ordinance before the court on the motion notwithstanding any insufficiency of the pleadings. The record does not support this assumption. It does not appear that the stipulation was entered into for use on a motion for judgment on the pleadings. Although plaintiff specified the stipulation, as well as the pleadings in his motion, the record does not show that the parties consented that the stipulation should be considered by the court, as was done in *North Side etc. Assn.* v. *Hillside etc. Park,* 70 Cal. App.2d 609, 613 [161 P.2d 618], nor does it appear that the court considered it. Upon the contrary, the judgment recites that the court had heard the arguments of the parties and had "read and considered the respective briefs and pleadings of the parties" etc. The record contains a certified copy of "Stipulation of facts and city ordinances." Attached to the stipulation as exhibits are a photostat of plaintiff's state contractor's license and what purports to be a photostat of certain amendments to the Los Angeles Municipal Code relating to the $100 payment and the $1,000 bond. These exhibits are identified in the stipulation. However, there are also exhibits purporting to contain ordinance provisions for "permit service fees—advance collection," provisions relating to "permits," provisions relating to permit fees and numerous other matters. As a supplement to the clerk's transcript there are copies of what purport to be provisions of certain other sections of the municipal code. Except for the first two exhibits mentioned the remainder are not authenticated by the stipulation.

Upon a motion for judgment on the pleadings, as on demurrer, the court considers only the pleadings. (*North Side etc. Assn.* v. *Hillside etc. Park, supra; Price* v. *Price,* 85 Cal.App.2d 732 [194 P.2d 101] ; *Grant* v. *Aerodraulics Co.,* 91 Cal.App.2d 68 [204 P.2d 683] ; *National Auto Ins. Co.* v. *Winter,* 58 Cal.App.2d 11, 16 [136 P.2d 22] ; *Merchants Ice etc. Co.* v. *Globe Brew. Co.,* 73 Cal.App.2d 828, 833 [167 P.2d 503] ; *Kleiner* v. *Garrison,* 82 Cal.App.2d 442, 445 [187 P.2d 57].)

The power of the court to render judgment on the pleadings should not be exercised so as to permit of the consideration of facts that are not pleaded. There are other methods of summary procedure where the facts are not in dispute or may be readily established. Aside from the fact that the record indicates the court did not consider the stipulation, it would be assumed that it was not considered for the

reason that it could not properly have been used as a basis for the motion.

The question of the validity of the ordinance can be put in issue only by amended pleadings and the entire ordinance should be pleaded in the manner provided by law. The stipulation was not intended to serve the purpose of an amendment of the petition, and if that had been its purpose, the record would have been greatly confused, since only fragments of the ordinance were included and numerous of the attached exhibits were not verified by the stipulation. These latter are relevant to the provision requiring the payment of $100 for a permit. It is impossible to tell from the record whether the unverified additions to the stipulations were considered by the court or whether the court deemed the entire ordinance to be in evidence. Under these circumstances we find ourselves without a proper record upon which to determine the validity of the ordinance provisions in question.

The judgment (denominated a "Judgment and Order") is reversed.

Wood (Parker), J., concurred.

VALLÉE, J.—I dissent. The motion of plaintiff was for "judgment on the pleadings herein and the stipulation on file herein and on the ground that no issue of fact remains herein and that the sole issue is one of law clearly entitling plaintiff to judgment herein." It was this motion which was granted. The stipulation reads: "It is hereby stipulated and agreed by and between the plaintiff and the defendants, above entitled, as to the issues of fact herein and the Los Angeles City Ordinances herein concerned, as follows . . . ." It was then agreed that plaintiff is an electrical contractor licensed by the state and by the county of Los Angeles and that the ordinances attached thereto are ordinances of the city of Los Angeles. Various ordinances and provisions of others are set forth. I construe the stipulation to mean that all ordinance provisions necessary to a determination of the case were set forth in the stipulation and that the only question before the court was one of law. Defendants appeared on the hearing of the motion and argued on the theory that all of the facts were before the court and that only a question of law was involved. Plaintiff says in his brief that defendants "appeared on the motion for judgment and earnestly argued only the validity of their ordinance; the question of the propriety of

the motion for judgment was not raised by the appellants in the lower court.'' This statement is not denied by defendants. We must accept it as asserting the fact correctly. (*DeMirjian* v. *Lutinsky*, 77 Cal.App.2d 915, 916 [177 P.2d 50]; *Standard Iron Wks.* v. *Maryland C. Co.*, 56 Cal.App. 600, 601 [206 P. 136].) Under these circumstances defendants should not now be permitted to say "that neither the trial court in the first instance, nor this Court upon review, may go outside the pleadings themselves in deciding whether the motion was properly granted." The appeal should be decided on its merits.

A petition for a rehearing was denied August 31, 1950. Vallée, J., voted for a rehearing.