[Civ. No. 19778.   Second Dist., Div. One.   Nov. 5, 1953.]

JOSEPH P. McALINDEN, Respondent, v. SIMEON B. NELSON, Appellant.

Harold J. Ackerman for Appellant.

Gross & Svenson for Respondent.

DRAPEAU, J.—The first amended complaint herein alleges that by written agreement of May 11, 1950, "defendants" employed plaintiff to sell a piece of realty owned by them at a specified price of $25,500, and that they agreed to pay him a commission of 5 per cent of the selling price. On July 8, 1950, the listing agreement was extended for an additional 90 days. The extension was signed by plaintiff and defendant Simeon B. Nelson.

On July 16, 1950, plaintiff procured purchasers, who agreed to buy the listed property for $18,600. On that day, defendant signed a deposit receipt in which he agreed to complete the sale of the property for the offered price and to pay a commission of $930 to plaintiff.

The said complaint further alleges that the buyers were able, ready and willing to complete the purchase; that they and plaintiff have performed their part of the contract, but that defendants have not paid the commission of $930 which sum is now due and owing to plaintiff.

The answer denies (1) that the purchasers "were willing or ready or able to purchase this answering defendant's interest in his property"; (2) performance of the conditions of the contract; and (3) that the sum of $930 is due and owing.

Defendant admits (1) the execution of the original agreement of May 11, 1950, by him and his wife, Rosalie; (2) the extension thereof by him; (3) the execution of the deposit receipt on July 16, 1950, by him alone; and (4) the non-payment of the $930.

The answer affirmatively alleges that "said deposit receipt was never signed by said Rosalie Nelson . . . that plaintiff was aware of the fact and well knew that the property referred to in said deposit receipt was jointly owned by this answering defendant and his said wife, Rosalie Nelson, and that a sale of the entire property could not be made unless the said wife Rosalie Nelson joined in the sale, and further alleges that the said wife Rosalie Nelson refused to consent to the sale of said real property at the reduced price. . . ."

The trial court granted plaintiff's motion for judgment on the pleadings, and from the ensuing judgment defendant appeals.

It is here urged that the denials and affirmative allegations in the answer raised sufficient issues of fact which, if proved, would defeat plaintiff's cause of action, hence it was error to render a judgment on the pleadings.

"It is elementary that a plaintiff is not entitled to judgment on the pleadings if the answer presents any issue as to the material allegations of the complaint, or if it sets up affirmative matter constituting a defense. (21 Cal.Jur. 237-238.) A motion for judgment on the pleadings is in the nature of a general demurrer and the trial court in ruling thereon must treat the allegations of the challenged pleading as true. (*MacIsaac* v. *Pozzo*, 26 Cal.2d 809 [161 P.2d 449], and cases cited; 21 Cal.Jur. 240.)" *Grant* v. *Aerodraulics Co.*, 91 Cal.App.2d 68, 72 [204 P.2d 683].

Also, as stated in *Agnew* v. *City of Los Angeles*, 99 Cal.App.2d 105, 107 [221 P.2d 340] : "Upon a motion for judgment on the pleadings, as on demurrer, the court considers only the pleadings."

It is well-established law that a broker who has fulfilled the terms of his contract by procuring a purchaser, who is ready, able and willing to buy can recover his commissions even though the vendor refuses absolutely to consummate the purchase or to negotiate with reference to it. In other words, the liability of the owner cannot be avoided by his wrongful refusal to consummate the sale.

"Where a principal has good grounds for refusing to consummate the transaction, and does refuse, the broker is not entitled to recover his compensation. But it has been held that the refusal of cotenants, or the wife of the vendor, to join in the instruments necessary to complete the sale is not sufficient reason for failure to consummate the transaction, and does not deprive the broker of his right to compensation, unless the consent of the cotenants, or the wife, as the case may be, is one of the terms or conditions which must be complied with before the broker is entitled to his commission." (9 Cal.Jur.2d 265, 266, § 95, citing *Kaufman* v. *Haney*, 80 Cal.App.2d 249 [182 P.2d 250] and *Dixon* v. *Malloy*, 70 Cal. App.2d 322 [160 P.2d 896].)

In the Kaufman case it was held that when a husband and wife hold property in joint tenancy, the husband has

authority to bind himself for the payment of a broker's commission for selling it.

And in *Dixon* v. *Malloy, supra* (70 Cal.App.2d 322, 329), the court stated: "It is not stipulated as one of the terms of the agency agreement that Mr. Malloy's obligation was conditioned upon his wife's consenting to the sale. Even if the property was community property, neither the fact that Mrs. Malloy did not sign the agency agreement nor the fact that she refused to join with her husband in a sale of the property would avail Mr. Malloy as a defense to the action by the broker. His obligation to the broker became fixed when the latter found a purchaser ready, able and willing and who offered to buy the property upon Mr. Malloy's terms. (*Traxler* v. *Katz* (1931), 116 Cal.App. 226, 230 [2 P.2d 553]; *Russell* v. *Ramm* (1927), 200 Cal. 348, 366 [254 P. 532], and cases therein cited.)"

Likewise here, the agreement contained no condition that it was subject to approval of appellant's wife. As a result, under the authorities hereinabove cited, appellant is bound to pay the broker's commission.

Moreover, appellant's denial that respondent had performed all the conditions of the agreement does not present a triable issue. This for the reason that where "an owner of property accepts the offer made by a person produced by the broker employed to make the sale, he thereby admits the readiness, willingness and ability of the purchaser to consummate the sale. Under such circumstances he will be estopped to deny the purchaser's ability or willingness to complete the purchase" 9 California Jurisprudence 2d 249, section 83, and cases there cited.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.