[Civ. No. 15946. Second Dist., Div. Two. Nov. 19, 1947.]

PHILIP KLEINER, Appellant v. MAYNARD GARRISON, as Insurance Commissioner, etc., Respondent.

Joseph Duchowny and Neil Cunningham for Appellant.

Fred N. Howser, Attorney General, T. A. Westphal, Jr., and Harold B. Haas, Deputy Attorneys General, for Respondent.

McCOMB, J.—From a judgment predicated upon the sustaining of defendant's general demurrer to plaintiff's petition for a writ of mandate to review an order of defendant insurance commissioner which denied plaintiff's application for a license to act as an insurance broker, plaintiff appeals.

These are the facts:

Plaintiff filed a petition for a writ of mandate to require defendant to issue him an insurance broker's license which contained among others this allegation: "that on the .... day of July, 1946, petitioner by written request to respondent ordered in accordance with the provisions of Section 11523 of the Government Code the complete record of said proceedings (Except the oral arguments at the conclusion thereof) to be prepared by the Agency and delivered to petitioner upon payment of the expense of such preparation and certification thereof; that in accordance with the provisions of Section 1094.5, Subdivision (a) petitioner hereby requests that the aforesaid record of proceedings before respondent be ordered to be filed by the Court."

The petition prayed, among other things, as follows: "That there be filed in this Court the complete record of the proceedings (Except the oral arguments of counsel at the close thereof) prepared by the respondent (Agency) and delivered to the petitioner for that purpose, together with true and exact copies or photostats of the original of all exhibits introduced into evidence at the said hearings."

The alternative writ directed defendant as follows: "within five days prior to the date here set for you to appear and show cause, you shall certify and return to this Court a full and complete transcript of the record and proceedings had before you as Insurance Commissioner of the State of California."

In response to the alternative writ defendant filed with the clerk of the court a transcript of the record and proceedings which had taken place before the Insurance Commissioner of the State of California. Defendant also filed a general demurrer to the petition which the trial court sustained and in so doing took into consideration the transcript of the record

and proceedings on file in the clerk's office which was not otherwise presented to the trial court.

■ This is the sole question presented for our determination:

*When in a petition for a writ of mandate seeking a review of a decision of an administrative agency after a hearing on an application for a license, which application is denied, (1) there is included a prayer that there be filed in the court a complete record of the administrative agency's proceedings; (2) the alternative writ orders the agency to certify and return to the court a full and complete record of the hearing before the agency; and (3) the record is certified to and deposited by the agency with the clerk of the court, may the court in ruling on a general demurrer to the petition consider the record of the administrative agency filed with the clerk and disregard allegations in the petition which are contradicted by facts appearing in such record?*

This question must be answered in the negative and is governed by the following pertinent rules:

■ First: A demurrer raises no question of fact and assumes the correctness and truth of the facts alleged in the pleading to which the demurrer is interposed, and on the hearing of a demurrer the court is bound by the facts as alleged in the pleading and may consider only such facts together with facts of which the court takes judicial notice. (*Griffin* v. *County of Colusa*, 44 Cal.App.2d 915, 918 [113 P.2d 270]; *Mackay* v. *Clark Rig Bldg. Co.*, 5 Cal.App.2d 44, 54 [42 P.2d 341]; *Sheehan* v. *Vedder*, 108 Cal.App. 419, 426 [292 P. 175].)

■ Second: In ruling upon a demurrer the court does not take judicial notice of the contents of records filed in the same case and not by appropriate reference made a part of the complaint or petition for the purpose of predicating its ruling on facts contrary to those alleged in the complaint or petition. (*Mackay* v. *Clark Rig Bldg. Co., supra*, 54 et seq.; *Housman* v. *Board of Medical Examiners* et al., District Court of Appeal, State of California, First Appellate District, Division 1, No. 13432, *(Cal.App.) 186 P.2d 187.)

There is nothing in subdivision (a), section 1094.5 of the Code of Civil Procedure that authorizes the court to take judicial notice of the record of the proceedings before an

---

*A rehearing was granted on Nov. 26, 1947.

agency unless the same has been filed as a part of the complaint or petition. That section merely provides as follows: "All or part of the record of the proceedings before the inferior tribunal, corporation, board or officer may be filed with the petition, may be filed with 'the respondent's points and authorities or may be ordered to be filed by the court."

In the instant case the record of the proceedings before respondent was not made a part of the petition nor incorporated therein by reference. Hence, under rules First and Second above stated the trial court committed prejudicial error in considering the proceedings which had taken place before the board in ruling upon the general demurrer.

The vice of defendant's argument is in his contention that the right to take judicial notice that the record of the commissioner's proceedings had been filed among the papers of the case and was a record of the court must be extended to include the right to take notice of the truth of the evidence produced at the hearing. Where the record of the proceedings of an administrative agency is made a part of the petition for a writ of mandate seeking to annul an order of the agency and the question presented is whether the agency had jurisdiction to make the order complained of or whether the evidence heard by the agency was sufficient to sustain the order, the court in ruling on a demurrer to the petition may consider the contents of the record since it is a part of the pleading to which the demurrer is addressed. (*Sipper* v. *Urban*, 22 Cal.2d 138, 141 [137 P.2d 425] ; *Zemansky* v. *Board of Police Commrs.*, 61 Cal.App.2d 450, 452 [143 P.2d 361] ; *Vaughn* v. *Board of Police Commrs.*, 59 Cal.App.2d 771, 781 [140 P.2d 130] ; *Tobinski* v. *Board of Medical Examiners*, 49 Cal.App.2d 591 [121 P.2d 861].)

In the instant case the record of the hearing before the commissioner was not included as a part of the petition for a writ of mandate nor was it made so by reference. It was merely a document filed in the action. In taking judicial notice of its records the court could go no further than to take notice that the record was in the file. Its contents were a concealed book insofar as the consideration of the demurrer was concerned.

Defendant's contention that the record is within the court's judicial knowledge by reason of the provision in section 1094.5 of the Code of Civil Procedure that the record "may be filed with respondent's points and authorities" cannot be sustained. That provision does not inject the

record into the petition for the writ as a part of it. ■ In ruling on a demurrer the court is bound by the facts alleged in the pleading against which the demurrer is directed and cannot consider facts presented in an affidavit accompanying the demurrer. (*Mackay* v. *Clark Rig Bldg. Co.*, 5 Cal.App.2d 44, 55 [42 P.2d 341].)

The cases on which defendant relies are sufficiently discussed and distinguished in the opinion of Mr. Justice Bray in *Housman* v. *Board of Medical Examiners, supra.*

■ An additional reason why the demurrer should have been overruled is that it contains allegations which, if denied, entitled plaintiff to introduce evidence to substantiate them. Facts are alleged by reason of which plaintiff contends that defendant is estopped from denying a license to him as an insurance broker, and allegations are made which, if true, may result in a finding that applicant was induced to surrender a license previously held by him by reason of promises made by a deputy commissioner that were not fulfilled.

In view of our conclusion it is unnecessary to discuss other points argued by counsel.

The judgment is reversed with directions to the trial court to overrule the demurrer and to permit defendant a reasonable time within which to answer if he be so advised.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 3, 1947, and respondent's petition for a hearing by the Supreme Court was denied January 15, 1948. Traynor, J., and Spence, J., voted for a hearing.