[Civ. No. 5206.   Fourth Dist.   Dec. 12, 1955.]

JAMES ALEXANDER TRINGHAM, Appellant, v. STATE BOARD OF EDUCATION et al., Respondents.

Joseph Scott, A. H. Risse and G. L. McFarland for Appellant.

Edmund G. Brown, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondents.

GRIFFIN, J.—An accusation and also an amended accusation were filed by respondent State Board of Education, charging this petitioner with certain acts alleged to constitute immoral conduct. After hearing, his credentials consisting of a general elementary credential, an elementary school administration credential, and a general secondary school credential, were revoked.

Petitioner and appellant herein brought this petition in mandate to compel respondents to cancel and set aside the order revoking his credentials above mentioned, and sought an order to show cause why such writ of mandate should not issue. He asked that a hearing be had before the court to adjudicate the issues according to the court's independent judgment and in accordance with the proceedings described in *Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790 [136 P.2d 304]. Petitioner filed therewith a copy of the accusation and amended accusation, referred to therein as Exhibits A and B. It was alleged as part of the petition ''That a copy of the reporter's transcript of the proceedings had, including the pleadings filed and the testimony taken at the hearings before said aforementioned Hearing Officer will be filed concurrently with the filing of this petition.'' Apparently a complete transcript of the proceedings at the hearing before the Board of Education was left with or filed with the court at the time of the filing of the petition or subsequent to that time. By ex parte application, an alternative writ was issued returnable on July 9, 1954. Respondents filed a demurrer, both general and special, to the petition and therewith filed points and authorities. On July 30th, the demurrer came on for hearing, and after argument the ruling thereon was taken under advisement and on August 19th it was sustained without leave to amend. On December 10th the court signed voluminous findings reciting generally that ''after careful consideration of all the evidence and in the exercise of its independent judgment on said evidence, finds that the weight of the evidence in the light of the whole record sustains the finding of the State Board of Education that Petitioner herein had violated the provisions of Section 12752 of the

Education Code," and described in particular the acts charged, which were found to be true; that the allegations of the petition that are in "conflict with these findings of fact" are not true; that the board did not act arbitrarily or commit any abuse of discretion; that there was no additional relevant evidence that could not have been produced or was improperly excluded at the hearing before the state board; and that its order should not be set aside. Judgment was entered accordingly. The appeal is taken from the order sustaining the demurrer without leave to amend and from the order denying the peremptory writ of mandate and quashing the alternative writ theretofore issued. ██ Since there is no appeal from an order sustaining a demurrer without leave to amend the attempted appeal from such order must be dismissed. (*Evans* v. *Dabney,* 37 Cal.2d 758 [235 P.2d 604]; *Goodwill Industries* v. *County of Los Angeles,* 117 Cal.App. 2d 19, 28 [254 P.2d 877]; Code Civ. Proc., § 963.) However, this order is reviewable on appeal from the final judgment. (*Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297 [190 P.2d 943].)

On this appeal the petitioner makes the following contentions: that the court erred (1) In making the transcript of the proceedings before the administrative agency a part of the record in said cause for the purpose of passing upon the respondents' demurrer; (2) In considering and passing upon matters contained in the transcript in ruling upon the demurrer; (3) In sustaining the demurrer without leave to amend; and (4) In making written findings of fact, conclusions of law, and a judgment upon the merits of the case in ruling upon an issue of pleading raised by the demurrer.

A close question presents itself as to whether or not the complete transcript of the proceedings taken before the State Board of Education was made a part of petitioner's petition for mandate. The transcript was not made a part of the record on this appeal and accordingly its contents are not before us. We will therefore examine the allegations of the petition and the demurrer thereto and test it under the general rules applicable, to see if the trial court was justified in sustaining it without leave to amend. (*Kleiner* v. *Garrison,* 82 Cal.App.2d 442 [187 P.2d 57].)

██ The general rule is that in a hearing upon a verified petition which respondent has failed to answer, the truth of all the facts alleged must be conceded. However, this does not include conclusions of the pleader. (*Town of Hayward*

v. *Pimental,* 107 Cal. 386 [40 P. 545]; *Kleiner* v. *Garrison, supra;* 16 Cal.Jur. 870, § 68.)

Section 1094 of the Code of Civil Procedure requires that if no answer be made, the case must be heard on the papers of the applicant; and section 1094.5 recites that where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is vested in the inferior tribunal or board, the case shall be heard by the court sitting without a jury; and that all or part of the record of the proceedings before the inferior board *may be filed with the petition, may be filed with respondent's points and authorities,* or *may be ordered to be filed by the court.* It further provides that the inquiry in such a case shall extend to questions whether respondent has proceeded without or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. Where the court finds that there is relevant evidence which in the exercise of reasonable diligence could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (e) thereof.

In *Kleiner* v. *Garrison, supra,* the proceedings before the administrative agency could not be considered for the purpose of passing on the demurrer when *the court* ordered it to be prepared and filed.

In *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 329 [253 P.2d 659], the court said that in reviewing the acts of a state board it has been held that a petition which alleges an abuse of discretion and also incorporates a transcript by reference will be examined in the light of the evidence contained in the transcript to determine whether a cause of atcion is stated.

It rather appears from the petition here in question that petitioner did make sufficient reference to those proceedings permitting the court to consider it in respect to its ruling on the demurrer as to some of the claims presented. However, since we are not in possession of that record, we have no way of reviewing the correctness of the ruling. Assuming,

however, that we may be in error in this conclusion, it is quite apparent from the record and the allegations of the petition that the trial court erred in sustaining the demurrer without leave to amend. It is true that naked conclusions of such averments add nothing to their force. If the transcript could not be considered a part of the petition for this purpose there is no reason why the petition could not be amended to include it or to set forth the substance of all the evidence received by the board and aver in particular wherein such evidence, considered in the light of petitioner's contentions, supports the conclusion that the board abused its discretion. However, there is no indication that the petition could not be accordingly amended. It has been held that where the petition does not properly incorporate the transcript as a part of the petition the transcript thus filed may not be considered as contradicting any of the repugnant allegations of the petition in ruling on a demurrer. (*Kleiner* v. *Garrison*, *supra*.)

We will therefore set forth generally some of the allegations of the petition. It alleged that petitioner was mailed a copy of the amended accusation which copy was undated, unsigned, and not verified by a public officer authorized to act; that the amended accusation was not thus executed or so signed until the middle of the proceedings had before the hearing officer of the board on December 14, 1953, at which time, over objection of petitioner, and due to the death of the administrative advisor, the name of the dead man was signed to the original by one Malcolm Peattie, assistant administrative advisor, on suggestion of the hearing officer. It is therefore claimed that the subsequent proceedings had on the amended accusation, as well as any order based thereon, were null, void and of no effect. It is then alleged that the judgment rendered was harsh, arbitrary and unreasonable, not sustained by the evidence, contrary to law, and in violation of the due process clause; that respondents were without jurisdiction to take the proceedings; that evidence was admitted which was inadmissible as a matter of law; that competent evidence was offered during the hearing which the hearing officer refused to admit, thereby preventing petitioner from having a fair and impartial hearing; that there was no substantial evidence received to support the finding of the board; and that petitioner is possessed of additional relevant evidence by way of defense, which in the exercise of reasonable diligence could

not have been discovered and introduced at the hearing before the board, and which he desired to introduce at the trial de novo.

Under section 1094.5 of the Code of Civil Procedure the court may admit relevant evidence at the trial which was not produced at the administrative hearing if it finds that such evidence could not have been produced in the exercise of reasonable diligence. Additional evidence may be admitted if the showing required by subdivision (d) thereof is made. ■ If the credibility of witnesses before the board is brought into question at the mandamus proceeding, opportunity to contradict or impeach their testimony is to be afforded at the trial. (*Sautter* v. *Contractors' State License Board,* 124 Cal. App.2d 149, 154 [268 P.2d 139].)

In *Ashdown* v. *State,* 135 Cal.App.2d 291, 297 [287 P.2d 176], it was said, quoting from *Dare* v. *Board of Medical Examiners, supra,* that

" '. . . the court is not confined to the record of the proceedings before the board. . . . Since the record before the board is competent evidence it should be considered and weighed along with other evidence in the cause' "; that " 'If it should appear from that record that incompetent evidence had been received by the board, the complaining party should not be foreclosed from objecting on the trial to its admissibility. Also if the board had improperly refused to entertain admissible evidence the litigant should not be foreclosed from offering it at the trial' "; and that the trial court is authorized to exercise its independent judgment on the evidence.

■ While many of the allegations mentioned in the petition may well constitute conclusions of the pleader, we see no apparent reason why the petition could not be amended to set forth sufficient facts, if true, to fully state a ground for relief, to entitle petitioner to a review of the evidence taken before the board and to authorize the trial court to consider any claimed competent evidence subsequently discovered and to review all of these claims on their merit. The cases well establish the general rule that it is an abuse of discretion to sustain without leave to amend a demurrer to the original petition unless the petition shows on its face that it is incapable of amendment. (*Temescal Water Co.* v. *Department of Public Works,* 44 Cal.2d 90 [280 P.2d 1] ; *King* v. *Mortimer,* 83 Cal.App.2d 153, 158 [188 P.2d 502].)

■ We must conclude, on the record before us, that the

trial court thus erred in sustaining the demurrer without leave to amend, in making written findings of fact and conclusions of law, and in entering judgment upon the merits of the case when ruling upon an issue of pleading raised by demurrer. (*Flynn* v. *Flynn,* 103 Cal.App.2d 91 [229 P.2d 5].)

The orders denying peremptory writ of mandate, quashing alternative writ, and sustaining demurrer without leave to amend are reversed. The attempted appeal from order sustaining demurrer without leave to amend is dismissed.

Barnard, P. J., and Mussell, J., concurred.