[Civ. No. 27873.   Second Dist., Div. Two.   July 22, 1964.]

PATRICK JOSEPH HEALY, Plaintiff and Respondent, v. STATIONERS CORPORATION et al., Defendants and Appellants.

Wolver & Wolver and Eugene L. Wolver for Defendants and Appellants.

James D. Garibaldi, Warren J. Lane and Abe Mutchnik for Plaintiff and Respondent.

ROTH, J.—On or about March 13, 1963, respondent Healy, prior to filing the same with the court, served appellants with a petition for a writ of mandate seeking to enforce his right, as a director of appellant corporation, to inspect the books of the corporation. The petition for the writ was not filed with the Superior Court of Los Angeles County until March 28, 1963. Prior to the filing of respondent's petition and on March 22, 1963, appellants Lillian W. Boyd and Omar E. Boyd, Jr. filed a separate action in the Superior Court seeking the removal of petitioner from the board of directors.

On April 4, 1963, an alternate writ of mandate was issued by the court, ordering appellants to produce the books and records of the corporation for respondent's inspection or to show cause on April 12, 1963, why they had not done so.

On April 11, 1963, appellants filed a demurrer to respondent's petition and a motion to abate the action on the petition until there was a final determination re their removal action. The hearing on these motions was noticed for April 17, 1963.

On April 12, 1963, a hearing was held on respondent's petition. The trial court, over appellants' plea for abatement asserted in their answer and argued at the hearing, issued the writ ordering inspection to commence on the morning of April 16.

On April 26, 1963, the court overruled appellants' demurrer and motion to abate. On April 24, 1963, the court filed its findings of fact and conclusions of law reiterating respondent's right to inspect the books of the corporation.

Appellants contend that the trial court erred in proceeding

with the hearing on respondent's petition when the removal action filed was pending and undisposed of; and in any event that the trial court should have first determined the issue of law raised by the removal action before considering the petition on its merits.

It is settled that a plea of a prior action pending applies only where the plaintiff in both suits is the same person and both suits are commenced by him. (*Hamm* v. *San Joaquin etc. Canal Co.*, 44 Cal.App.2d 47, 56 [111 P.2d 940].) Here, the plaintiffs in each case were not the same.

It is also clear that no abuse of discretion is shown by the trial court's failure to rule on appellants demurrer.

The trial court was made aware of the abatement issue by reason of appellants' answer and by reason of appellants' oral arguments to the court. Section 597, Code of Civil Procedure, provides, only, that if the answer raises a plea in abatement "the court *may*, upon the motion of either party, proceed to the trial of such special defense . . . before the trial of any other issue in the case, . . ." In *Kubon* v. *Kubon*, 51 Cal.2d 229, 232 [331 P.2d 636], the court held: "It is clear that a plea in abatement may be heard either before the trial of other issues or along with the trial of other issues. . . . " In the case at bench, the trial judge presiding in the department handling Writs and Receivers, made it abundantly clear to appellants' counsel that if he had any evidence to present adverse to respondent's right to inspect the books, the case would be sent to a trial department for full hearing. Appellants refused the offer and cannot now complain that the court abused its discretion in refusing to first hear the plea in abatement.

Appellants also contend that it was error for the court to fail to make findings of fact and conclusions of law upon the issues raised in their answer to the petition; and that the writ was void since judgment was entered on April 23, 1963, but set April 16, 1963, as the date of performance.

There is no merit in either contention.

The court found "By express statutory law of the State of California, Petitioner, as a member of the Board of Directors of STATIONERS CORPORATION, is given the *absolute* right to inspect all books, records and documents of every kind of said corporation, . . . " (Italics added.)

Findings of fact are expressly required by the Code of Civil Procedure in a mandamus proceeding unless expressly waived. (*Delany* v. *Toomey*, 111 Cal.App.2d 570, 571 [245

P.2d 26].) ▉ However, a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made. (*Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593].)

The express finding quoted above was sufficient to indicate to appellants that they had presented no valid defense to respondent's petition.

▉ It is also well settled that a peremptory writ may properly issue after announcement of judgment and before formal entry thereof. (*Weisman* v. *Board of Buildings & Safety Comrs.,* 85 Cal.App. 493, 495 [259 P. 768].) The trial court in the case at bar clearly announced the judgment on the morning of April 12, 1963, in open court, and the judgment was valid in all respects.

The judgment and order are affirmed.

Fox, P. J., and Ashburn, J.,* concurred.

A petition for a rehearing was denied August 17, 1964, and appellants' petition for a hearing by the Supreme Court was denied September 18, 1964.

---

*Retired Justice of the District Court of Appeal sitting pro tempore under assignment by the Chairman of the Judicial Council.