[Civ. No. 12789. Third Dist. Feb. 22, 1972.]

APPLEGATE DRAYAGE COMPANY, Petitioner and Respondent, v.
THE MUNICIPAL COURT FOR THE SACRAMENTO
JUDICIAL DISTRICT OF SACRAMENTO COUNTY,
Respondent Below;
CHARLES DANLEY et al., Real Parties in Interest and Appellants.

## COUNSEL

Downey, Brand, Seymour & Rohwer and Joseph Genshlea for Petitioner and Respondent.

No appearance for Respondent Below.

LeProhn & LeProhn and Michel F. Willey for Real Parties in Interest and Appellants.

## OPINION

JANES, J.—Three municipal court actions—one for each plaintiff—were filed by Charles Danley, Warren Mendonca, and A. T. Ashton (hereinafter, "plaintiffs") against Applegate Drayage Company (hereinafter, "defendant") on November 17, 1965.[1] On January 5, 1970, the municipal court denied defendant's motions to dismiss the actions for plaintiffs' failure to bring them to trial within two years after their commencement (Code Civ. Proc., § 583, subd. (a)).

Defendant thereafter petitioned the superior court for a writ of mandate to compel the municipal court to order the dismissals. This appeal is

---

[1] Each complaint sought a money judgment for wages and vacation benefits allegedly owed by defendant under a collective bargaining agreement with plaintiffs' labor union.

taken by plaintiffs from a superior court judgment granting the peremptory writ.

By amendment operative January 1, 1970 (four days before the municipal court denied dismissal), Code of Civil Procedure section 583 provides in subdivision (a) thereof that "The court, *in its discretion,* may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. The procedure for obtaining such dismissal shall be in accordance with rules adopted by the Judicial Council." (Stats. 1969, ch. 958, pp. 1905-1906.) (Italics added.)

Likewise effective January 1, 1970, the Judicial Council adopted rule 203.5 of the California Rules of Court. Subdivision (e) of that rule states as follows: "In ruling on the motion [under Code of Civil Procedure section 583, subdivision (a)] the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case or by imposing conditions on its dismissal or trial; and any other fact or circumstance relevant to a fair determination of the issue." Subdivision (f) of the same rule provides that "The court *may grant or deny* the motion or, where the facts warrant, the court may continue or defer its ruling on the matter pending performance by either party of any conditions relating to trial or dismissal of the case that may be required by the court to effectuate substantial justice." (Italics added.)

The superior court judgment which is now before us was entered on February 20, 1970. In a minute order to the same effect dated January 23, 1970, the court relied on Court of Appeal decisions which held that, despite the discretionary langauge of section 583 (which has contained such language since 1905[2]), the burden of making an adequate

---

[2]Statutes 1905, chapter 271, page 244.

showing of excusable delay was on the plaintiff. Such decisions were part of a line of intermediate appellate cases holding that it was an abuse of discretion for the trial court to deny dismissal where the plaintiff had failed to sustain that burden. All those cases were decided prior to January 1, 1970, which was the operative date of rule 203.5, *supra,* as well as the effective date of the statutory amendment authorizing that rule.

Shortly after plaintiffs filed notice of appeal from the judgment granting the writ, the state Supreme Court rendered its decision in *Denham* v. *Superior Court* (1970) 2 Cal.3d 557 [86 Cal.Rptr. 65, 468 P.2d 193]. The *Denham* case expressly disapproved the Court of Appeal decisions which had been relied upon by the superior court. The Supreme Court made clear that section 583, subdivision (a), "places no restrictions on the exercise of the trial court's discretion, and in particular there is no requirement that the motion to dismiss 'must' be granted unless opposed by an adequate showing of diligence or excuse for delay." (2 Cal.3d at p. 563.) The court reaffirmed its view, expressed over forty years before, that " ' "It is only when there is an entire absence of any showing constituting good cause presented . . . upon the hearing of the motion to dismiss that a writ of mandate to compel the dismissal of the action may properly issue." ' " (*Id*. at p. 564.) (See also *Woolfson* v. *Personal Travel Service, Inc.* (1971) 3 Cal.3d 909 [92 Cal.Rptr. 286, 479 P.2d 646]; *Rathbun* v. *Superior Court* (1970) 8 Cal.App.3d 690, 694-695 [87 Cal.Rptr. 568].)

In *Dunsmuir Masonic Temple* v. *Superior Court* (1970) 12 Cal.App.3d 17, at page 21 [90 Cal.Rptr. 405], this court analyzed the *Denham* decision as follows: "The distinction appears to be the difference between an *adequate* showing and *any* showing. Although *Denham* removes from the plaintiff any *burden* to show good cause for delay, it does not remove plaintiff's obligation to make *some showing of good cause* before the court, upon which the court may exercise its discretion. We construe that to mean that the trial court may not act arbitrarily and deny the motion when plaintiff has made no relevant showing whatever. There must be *something* upon which a discretion can rest." (Original italics.)

The superior court judgment in the mandate proceeding recites that the matter was submitted for decision "upon the record and files" of the three municipal court actions.[3] Those records showed that no affi-

---

[3]In the mandate proceeding, the essential function of the superior court was to review the showing which had been made in the *municipal* court when the latter court denied dismissal. (See *Dow Chemical Co.* v. *Superior Court* (1969) 2 Cal.App.3d 1, 8, fn. 6 [82 Cal.Rptr. 288] and cases cited.) Inexplicably, plaintiffs did not designate the municipal court files as part of the record on appeal. Since those three files were before the superior court when it granted the writ, we have added them to the record on appeal on our own motion. (Cal. Rules of Court, rule 12(a).)

davits or declarations under penalty of perjury were filed in the municipal court in connection with the motions; nor did those records indicate that any evidence was presented at the hearing thereon. Defendant's notices of motion were based on the chronology of the litigation as shown by the three files.

■ In opposition to the motions, plaintiffs submitted to the municipal court a memorandum that alleged certain facts which were *dehors* the record, the thrust of which was to establish an excuse for the delay in prosecuting the actions. ■ Plaintiffs' allegations were not made under oath or by equivalent declaration. In the mandate proceeding, however, the superior court was required to presume that the municipal court's orders denying dismissal were correct; and, since there was no contrary showing, the superior court was also required to presume that, at the municipal court hearing on the motions, defendant accepted as true (if in fact it did not admit) the allegations in plaintiffs' memorandum which tended to support the subsequent orders of denial. (See *Denham* v. *Superior Court, supra,* 2 Cal.3d at pp. 564-565.)[4]

At the time the motions were determined, the chronology of the litigation (as shown by the municipal court files and plaintiffs' memorandum submitted to that court) was as follows:

*November 17, 1965*—Complaints filed.

*November 23, 1965*—Defendant served.

*November 26, 1965* — For settlement purposes, plaintiffs granted defendant's request for an open extension of time to answer.

*March 30, 1966*—Plaintiffs notified defendant to file answers within ten days. (Plaintiffs thereafter gave defendant additional time to explore settlement.)

*August 23 and 24, 1966*—Answers filed.

---

[4]As to the comparable situation where good cause must be shown for the *granting* of a motion, the state Supreme Court has made the following observation: "Since the statute does not prescribe the method of showing good cause, such may be shown in any manner consistent with the established rules of pleading and practice. Ordinarily, when a motion is filed seeking an order of court, the moving party serves and files supporting affidavits. . . . Often the showing made therein is complete; sometimes it is not. In such instances (and even when no such supporting affidavits are filed) good cause may be found in the pleadings theretofore filed in the action. Often the cause for granting the motion is shown orally at the time of hearing, either by testimony or by argument of admitted facts. The latter method may be quite adequate insofar as the trial court is concerned (although it provides little record if the ensuing order is to be reviewed)." (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 389 [15 Cal.Rptr. 90, 364 P.2d 266].)

*November 2, 1967*—Plaintiffs filed memoranda to set the three cases for trial.

*November 13, 1967*—The court set the cases for trial in late April and early May of 1968.

*March 19, 1968*—Plaintiffs filed interrogatories to defendant which had been served four days earlier.

*April 1, 1968* — Cases dropped from trial calendar at plaintiffs' request, after defendant had asked plaintiffs to do so to give defendant time to acquire new evidence.

*May 8, 1968*—Defendant filed answers to plaintiffs' interrogatories.

*June 25, 1968*—Defense counsel wrote to plaintiffs' counsel, stating in part: "I have again contacted Mr. Applegate in an attempt to get something concrete for you. I appreciate your patience and to be quite frank if you do not hear from me in the next couple of weeks, I would suggest that you get [the cases] back on the trial calendar. This is somewhat embarrassing to me as I realize that you were accommodating us by having these cases dropped in the first place."

*August 5, 1968*—Plaintiffs again filed memoranda to set.

*August 23, 1968*—The court set the cases for trial in mid-February 1969.

*January 17, 1969*—By stipulation, the court granted plaintiffs' motion to consolidate the three cases for trial.

*Mid-February, 1969* — Cases again dropped from trial calendar at plaintiffs' request, after defendant had agreed that this be done to give plaintiffs time to acquire documentary evidence.

*April, 1969*—The attorney handling plaintiffs' cases left the law firm which was counsel of record, and the cases were assigned to a new attorney in the same firm.

*July 22, 1969*—For the third time, plaintiffs filed memoranda to set.

*August 15, 1969*—The court set the cases for trial on January 28, 1970.

*December 5, 1969*—Defendant served and filed its notices of motion to dismiss.

■ Guided by the considerations which bound the municipal court under rule 203.5, *supra*, it cannot be said that plaintiffs opposed the motions with " ' "an entire absence of any showing constituting good cause" ' "

(*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 564). Under rule 203.5, the municipal court was warranted in attaching significance to the open extension of time allowed defendant for settlement purposes, and to the fact that the first trial setting was vacated for defendant's benefit. (Cf. *Daum Development Corp.* v. *Yuba Plaza, Inc.* (1970) 11 Cal.App.3d 65, 73 [89 Cal.Rptr. 458].) There is nothing in the record, or in defendant's appellate brief, to indicate that any injustice resulted from the municipal court's denial of dismissal. ■ "The exercise of the trial court's discretion will be disturbed only for clear abuse [citation]; and if there is any basis upon which its action can be sustained, and it appears that no injustice will result therefrom, a refusal to dismiss should be upheld [citation]." (*Denham* v. *Superior Court, supra,* at p. 564.)

In view of the fact that the cause was submitted to the superior court (and properly so) "upon the record and files" of the municipal court actions (fn. 3, *supra*), there is no relevance to defendant's argument that plaintiffs' failure to answer the petition for the writ constituted an admission of its factual allegations (see *Tringham* v. *State Board of Education* (1955) 137 Cal.App.2d 733, 735 [290 P.2d 890]). Moreover, apart from stating defendant's conclusions—which were not admitted by default (*Tringham, supra*)—the petition merely reiterated the litigation chronology shown in the municipal court files themselves.

Nor is there merit in defendant's contention that, since findings were apparently waived in the mandate proceeding, it must be presumed that the superior court found all facts necessary to uphold its judgment. ■ In a mandamus proceeding, findings are unnecessary where the only question submitted to the court is a question of law. (*Koehn* v. *State Board of Equalization* (1958) 166 Cal.App.2d 109, 115 [333 P.2d 125]; see also *Barodi* v. *Denni* (1961) 197 Cal.App.2d 472, 477 [17 Cal.Rptr. 647].) Whether plaintiffs had made some showing of good cause in opposition to dismissal, and whether the municipal court had abused its discretion in denying defendant's motions, were questions of law for the superior court's determination upon the undisputed facts although subject to appellate review. (See, e.g., *Dunsmuir Masonic Temple* v. *Superior Court, supra,* 12 Cal.App.3d 17.)

Defendant's brief also attempts to shift the focus of this appeal by arguing that this court "must decide whether or not the Superior Court abused its discretion in issuing the writ [ , ] *not* whether or not the Municipal Court abused its discretion in denying the motion." (Original italics.) Defendant invokes the rule that issuance or denial of the writ is discretionary; and then, with some ingenuity, defendant casts the superior court (instead of the municipal court) in the role of the "trial" court and cites

the principle that "a reviewing court [i.e., this court] should not disturb the exercise of the trial court's discretion unless it appears that there has been a miscarriage of justice" (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566).

■ Defendant's latter contention is unavailing. The superior court exceeded its jurisdiction when it decreed that the peremptory writ should issue, after erroneously determining that there had been an abuse of discretion by the municipal court. (Cf. *City & County of S. F.* v. *Superior Court,* (1959) 53 Cal.2d 236, 244 [1 Cal.Rptr. 158, 347 P.2d 294].)
■ In reviewing the municipal court's orders, the superior court should have been guided by the following rule: "It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way. [Citations.]" (*Hilmer* v. *Superior Court* (1934) 220 Cal. 71, 73 [29 P.2d 175] (original italics); see also *Mannheim* v. *Superior Court* (1970) 3 Cal.3d 678, 685 [91 Cal.Rptr. 585, 478 P.2d 17].)

Lastly we dispose of defendant's contention, pursued at oral argument herein, that the granting of the writ by the superior court could have been on the basis that—according to defendant—the municipal court first entered orders dismissing the cases after argument in that court, and then, a week later, purported by other written orders to set aside the dismissals. The argument is that the first orders (allegedly dismissing the actions) were judgments duly entered and could not thereafter be set aside by the municipal court except by normal statutory procedures, such as motion to vacate, or by appeal. (See *Dunas* v. *Superior Court* (1970) 9 Cal.App.3d 236, 239-240 [87 Cal.Rptr. 719].) Since the municipal court had no power to vacate its initial orders "dismissing" the actions—the argument continues—mandate in the superior court was available to enforce those initial orders, and the superior court had only to look at the three municipal court files to determine that the orders first in time were the orders "dismissing" the actions.

Defendant's argument misconstrues the record. In point of fact and time, as the record shows, the first municipal court orders (entered January 5, 1970) were orders *denying* the motions to dismiss. Thereafter a copy of the alternative writ of mandate was served upon the municipal court; and, in response to the alternative writ (rather than to any motion), new orders were entered by the municipal court on January 13 *dismissing* the actions. Still later, for no reason appearing of record, the municipal court on January 19 entered other orders which *set aside* the dismissal orders of January 13. The peremptory writ issued from the superior court

on February 16—the date the judgment granting that writ was signed and filed prior to its entry four days later. (See, *Healy* v. *Stationers Corp.* (1964) 228 Cal.App.2d 601, 604 [39 Cal.Rptr. 679].) On February 27—long before plaintiffs' timely notice of appeal from the superior court judgment—the municipal court complied with the peremptory writ and again dismissed the three actions. The record thus demonstrates the erroneous factual premise underlying defendant's contention.

The judgment is reversed with directions to the superior court to enter a judgment denying the petition for a writ of mandate. The superior court is further directed to enter an order recalling the peremptory writ and commanding the municipal court to vacate the dismissals of plaintiffs' three actions entered on February 27, 1970.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied March 16, 1972, and the opinion was modified to read as printed above.