[Civ. No. 20602. Third Dist. Sept. 2, 1981.]

JAMES H. ARMISTEAD, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

62

**COUNSEL**

McMaster & Stump and Loren E. McMaster for Plaintiff and Appellant.

George Deukmejian, Attorney General, Willard A. Shank, Chief Assistant Attorney General, R. H. Connett, Assistant Attorney General, and Faith J. Geoghegan, Deputy Attorney General, for Defendants and Respondents.

OPINION

**PUGLIA, P. J.**—Appellant, James Armistead (plaintiff), appeals from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrer of defendants California State Personnel Board et al. (Board). On appeal, plaintiff asserts (1) his petition for administrative mandamus alleged facts sufficient to withstand a general demurrer; (2) the decision upholding his automatic discharge from state service is contrary to law, as the Board incorrectly interpreted the provisions of Government Code section 19503 (hereafter all statutory citations are to Gov. Code, § 19503), and (3) section 19503 is unconstitutional as violative of due process and equal protection.

Plaintiff was an employee of the State Department of Water Resources (DRW). On June 1, 1979, while so employed he commenced a one-man strike against his employer. The reasons alleged in the petition for the strike were (1) to protest his, plaintiff's, current job assignment, which plaintiff felt constituted harassment due to his prior legal skirmishes with the department, (2) to call attention to his alleged frustration in not having received a decision over a pending dispute concerning back pay, and (3) to protest the inadequate pay of state employees.

By letter dated June 1, 1979, DRW informed plaintiff that his absence was unauthorized, and that failure to return to work would expose him to separation from state service as being absent without leave (AWOL). DRW subsequently informed plaintiff to return to work by June 8 or he would be severed from his position as AWOL.

On June 8 plaintiff appeared at his job site. Plaintiff inquired whether there were any important phone messages; upon being informed there were none, he discussed the reasons for his AWOL status with his supervisor. Plaintiff then composed and delivered a letter to his superiors reiterating that he was still on strike and left his office. In all, plaintiff had remained at his job site for approximately 45 minutes. His verified petition admits his appearance was "for the purpose of precluding his being terminated on the basis of being AWOL" for five consecutive working days.

On June 11 plaintiff was notified by DRW that he had been separated from his position as AWOL pursuant to section 19503, which pro-

vides for automatic resignation when a state employee is absent without leave for five consecutive working days.[1]

Plaintiff appealed to the Board, and a hearing was conducted on September 5, 1979. The Board adopted the decision of its hearing officer, who found plaintiff's 45-minute return to his place of employment did not constitute a termination of his on-going absence within the contemplation of section 19503.

Reinstatement having been denied, plaintiff filed the instant proceeding in superior court in administrative mandamus to set aside the Board's decision and for reinstatement with back pay. The trial court concluded that plaintiff did not and could not state a cause of action for the requested relief and thus sustained defendant's demurrer without leave to amend.

Plaintiff asserts sufficient facts were alleged in the petition for administrative mandamus to withstand a general demurrer. We disagree. Allegations that the Board "committed a prejudicial abuse of discretion" and violated plaintiff's "rights to substantive due process and equal protection" constitute mere conclusions of law which are deemed not to be admitted by a demurrer. (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 329 [253 P.2d 659].) Likewise, allegations that other employees were absent without permission and did not suffer termination are irrelevant, absent some factual showing that the AWOL status of these employees was in any way similar to that of plaintiff, or that equal treatment for both was required.

More important than the facts affirmatively alleged in the petition, however, are those facts conspicuously omitted therefrom. Plaintiff attached to and incorporated by reference within his petition for mandamus exhibits concerning the administrative proceedings wherein he unsuccessfully sought reinstatement. The trial court properly considered matters contained in these materials in determining whether plaintiff had stated a cause of action for the requested relief. (*Faulkner* v. *Cal. Toll Bridge Authority, supra*, 40 Cal.2d at p. 329; *Tringham* v. *State Board of Education* (1955) 137 Cal.App.2d 733, 736 [290 P.2d 890].)

---

[1]Section 19503 provides in pertinent part: "(a) Absence without leave, whether voluntary or involuntary, for five consecutive working days is an automatic resignation from state service, as of the last date on which the employee worked.... [¶] Reinstatement may be granted only if the employee makes a satisfactory explanation to the board as to the cause of his absence and his failure to obtain leave therefor, ..."

■  These exhibits make clear that plaintiff returned to his place of employment for only one reason—to avoid application of section 19503. Throughout the administrative proceedings and on appeal plaintiff has asserted that merely "showing up" at his job site was sufficient to toll the five-day statutory period. He is wrong. Section 19503 contemplates not merely the physical presence of the employee at his job site, but also an actual resumption of work duties and responsibilities. Here, the record is clear that plaintiff at no time resumed or even attempted to resume the discharge of his employment duties. Indeed, plaintiff admitted his return to the work site was to prevent his termination for being AWOL and also that he then informed his supervisor he was continuing his strike.

The petition for administrative mandamus together with the attached, incorporated exhibits make clear that no facts were or could be alleged to refute what otherwise appears unambiguously from the face of the petition: that plaintiff's conduct fell squarely within the terms of section 19503. The demurrer was properly sustained without leave to amend.

There is no merit in plaintiff's assertion that the Board misinterpreted the provisions of section 19503. This section provided plaintiff with "fair notice of exactly when, why and how an employee constructively resigns his position; . . ." (*Willson* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 312, 317 [169 Cal.Rptr. 823].) When plaintiff voluntarily refused to discharge his employment duties for five consecutive working days, such self-abdicating action triggered the constructive resignation provision. (See *ibid.*) The Board, upon finding that plaintiff's absence was unauthorized and unsatisfactorily explained, had no recourse under section 19503 than to deny reinstatement.

Plaintiff asserts section 19503 is unconstitutional as violative of due process and equal protection, in that it (1) fails to afford any preremoval safeguards, and (2) is unreasonably harsh in that it provides for automatic dismissal. Similar contentions were raised and rejected by this court in *Willson* v. *State Personnel Bd., supra,* 113 Cal.App.3d at pages 316-318.

Plaintiff's final contention is that his physical return on the fifth day to his place of employment is a sufficiently mitigating circumstance that it was improper to apply section 19503 rather than some other less punitive remedy. (See, e.g., Gov. Code, § 19570 et seq.) As previously

discussed, the Board did not err in finding that plaintiff through his conduct came squarely within the provisions of section 19503. The consequences which flow from that finding are, in the words of the statute, "automatic."

The judgment is affirmed.

Reynoso, J., and Carr, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 28, 1981.