[No. E008621. Fourth Dist., Div. Two. Mar. 14, 1991.]

WENDY DAWN LESLIE FUSS, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
LAWRENCE SCOT MADSEN, Real Party in Interest.

**COUNSEL**

Ferguson & Stettner and Pamela Panasiti Stettner for Petitioner.

No appearance for Respondent.

Tuckerman, Thompson & Sackey and Richard P. Langevin for Real Party in Interest.

**OPINION**

**DABNEY, Acting P. J.**—Wendy Dawn Leslie Fuss (Fuss) has petitioned for a writ of mandate to require respondent Superior Court for the County of San Bernardino (respondent court) to dismiss the complaint brought by real party in interest Lawrence Scot Madsen (Madsen). Fuss's petition presents an issue of first impression: Does putative father, who brought an action under Civil Code section 7006, subdivisions (c) and (f) to establish his paternity of an unborn child, lose his right to maintain the action when another man becomes the child's presumed natural father by marrying the mother before the child's birth?

### FACTUAL AND PROCEDURAL BACKGROUND

On May 23, 1990, Madsen filed a complaint to establish paternity of the child with whom Fuss was then pregnant. Simultaneously, Madsen filed an order to show cause seeking related orders, including joint legal and physical custody of the child. The complaint was served on June 1, 1990.

On June 15, 1990, Fuss filed an answer to the complaint in which she denied Madsen's paternity of the child. As an affirmative defense, Fuss alleged that she was married to Brian Richard Fuss (Brian), and Brian was conclusively presumed to be the father of the child. She contended that Madsen therefore had no standing to bring the lawsuit and requested dismissal of the action.[1]

---

[1] The procedural basis for Fuss's request is not clear from the record. The court apparently construed Fuss's request as a motion to quash proceedings under rule 1230 of the California

On June 19, 1990, Fuss filed a response to the order to show cause in which she repeated her assertion that the matter must be dismissed because Madsen lacked standing. To support her request, Fuss filed her own and Brian's declarations. Fuss's declaration stated, "I am pregnant and expect to deliver a child in July, 1990. [¶] On June 6, 1990, I married BRIAN RICHARD FUSS, in Las Vegas, Nevada, and we are presently married. A true and correct copy of our original Marriage Certificate is attached to this declaration as Exhibit A and incorporated by this reference." Brian's declaration stated, "I am the husband of the defendant herein, WENDY DAWN FUSS (formerly Leslie). I am neither impotent nor sterile. My wife and I live together in the home we have purchased together and enjoy all of the relations attendant to the marital relationship. We both look forward to be [*sic*] birth of our child."

Respondent court reviewed the parties' additional points and authorities on the issue of standing and denied the request for dismissal. Respondent court found that Fuss's husband was not a presumed father under Civil Code section 7004, subdivision (a)(1)[2], and Madsen's standing was therefore not precluded under section 7006, subdivision (a).

## DISCUSSION

*Inadequate Record.* Fuss did not provide this court with any transcript of the hearing on her request to dismiss, or show that no transcript was available. Fuss asserted in her memorandum of points and authorities in support of the petition that undisputed evidence before the trial court established that the child was born on June 26, 1990; Fuss was still married to Brian when the child was born; and Fuss was never married to Madsen. Madsen does not contest Fuss's representation about the facts. However, the record filed in connection with the petition contains no such evidence.

Fuss's failure to provide an adequate record would alone justify denial of her petition. (*Sherwood* v. *Superior Court* (1979) 24 Cal.3d 183, 186-187 [154 Cal.Rptr. 917, 593 P.2d 862].) Nonetheless, in light of the novelty of and public interest in the issue presented, we exercise our discretion to decide the petition on the merits.

*Entitlement to Writ of Mandate.* ■ To grant a writ of mandate, the court must find "(1) a clear, present and usually ministerial duty upon the part of the respondent [citations]; and (2) a clear, present and beneficial

---

Rules of Court, which provides, "(a) Within the time permitted to file a response, the respondent may move to quash the proceeding, in whole or in part, for any of the following: [¶] (1) Petitioner's lack of legal capacity to sue."

[2] All further statutory references are to the Civil Code unless otherwise indicated.

right in the petitioner to the performance of that duty [citations]." (*People ex rel. Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480, 491 [96 Cal.Rptr. 553, 487 P.2d 1193].) The petitioner must demonstrate that the duty she seeks to enforce does not involve judgment or discretion. (*Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752, 755 [6 Cal.Rptr. 813].) " 'It is well settled that *mandamus* will not lie to control the discretion of a court or judicial officer or to compel its exercise in a particular manner, except in those rare instances when under the facts it can be legally exercised in but one way. [Citations.]' [Citations.]" (*Applegate Drayage Co.* v. *Municipal Court* (1972) 23 Cal.App.3d 628, 636 [100 Cal.Rptr. 400].) A writ of mandate to compel the dismissal of an action may properly issue only when ". . . the entry of the dismissal is not subject to any discretionary consideration, and the duty to enter dismissal becomes ministerial. [Citations.]" (*Silverton* v. *Free* (1953) 120 Cal.App.2d 389, 390 [261 P.2d 17].) We thus determine whether the trial court had a duty to dismiss, not subject to any discretion.

*Applicable Statutes.* Section 7004 states, "(a) A man is presumed to be the natural father of a child if he meets the conditions as set forth in Section 621 of the Evidence Code or in any of the following paragraphs:

"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, . . ."

Subdivision (b) of section 7004 states, "Except as provided in Section 621 of the Evidence Code, a presumption under this section is a rebuttable presumption affecting the burden of proof and may be rebutted in an appropriate action only by clear and convincing evidence. If two or more presumptions arise under this section which conflict with each other, the presumption which on the facts is founded on the weightier considerations of policy and logic controls. The presumption is rebutted by a court decree establishing paternity of the child by another man."

Section 7006 provides, "(a) A child, the child's natural mother, or a man presumed to be the child's father under paragraph (1), (2), or (3) of subdivision (a) of Section 7004, may bring an action as follows:

"(1) At any time for the purpose of declaring the existence of the father and child relationship presumed under paragraph (1), (2), or (3) of subdivision (a) of Section 7004.

". . . . . . . . . . . . . . . . . .

"(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 7004

or whose presumed father is deceased may be brought by . . . a man alleged or alleging himself to be the father, . . .

". . . . . . . . . . . . . . . . . . . . . . .

"(f) An action under this section may be brought before the birth of the child."

Evidence Code section 621 provides, "(a) Except as provided in subdivision (b), the issue of a wife cohabiting with her husband, who is not impotent or sterile, is conclusively presumed to be the child of the marriage."

*Presumption Concerning Paternity.* ▇▇ ▇ ▇▇ ▇▇ ▇▇ The evidence establishes a rebuttable presumption under section 7004, subdivision (a)(1) that Brian is the child's natural father; that section requires only that the child be born during the presumptive father's marriage to the child's mother.[3] Thus, the trial court erred in finding that Brian was not a presumed father. That does not end our inquiry, however. ▇▇ We uphold the trial court's decision if it was correct under any theory of law, even if the announced basis for the ruling was erroneous. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

*Madsen's Right to Maintain the Action.* ▇▇ Under section 7006, subdivision (f), an action to determine the existence of a father and child relationship may be brought before the birth of the child. When Madsen filed the action, the unborn child had no presumed father; Fuss's marriage to Brian did not occur until a week after the complaint was served. Madsen thus indisputably had standing to bring the action. (§ 7006, subd. (c).) However, Fuss contends that once Brian became a presumed father, Madsen could not continue the action. Fuss asserts that section 7006, subdivision (c) allows an alleged father to bring an action only if the child has no presumed father. Madsen contends first that section 7006, subdivision (c) allows him to continue the action, and second, that a statutory scheme that deprived him of standing to assert his paternity would be unconstitutional.

We agree with Madsen's interpretation of the statute. On its face, section 7006, subdivision (c) permits Madsen, as an alleged father, to file a com-

---

[3] The evidence before the trial court (as stated by Fuss) did not show that Fuss was married to and cohabiting with Brian at the time of the child's possible conception. For the conclusive presumption of Evidence Code section 621 to apply, the focal time for cohabitation is the time of conception. (*Estate of McNamara* (1919) 181 Cal. 82; *Whitney* v. *Whitney* (1959) 169 Cal.App.2d 209, 211 [337 P.2d 219] [construing identical language of former Code Civ. Proc., § 1962, subd. (5)]; see also *Anderson* v. *Anderson* (1931) 214 Cal. 414, 417 [5 P.2d 881] [child born 3½ months after marriage not presumed legitimate].) Thus, this is not an Evidence Code section 621 case.

plaint to establish his paternity. Fuss's later marriage to Brian and the consequent presumption of Brian's paternity do not destroy Madsen's right to continue his previously filed lawsuit. Rather, the marriage merely introduces a new element into the action. Madsen will now be required to rebut the presumption of Brian's paternity. Section 7004, subdivision (b) establishes that this is "a rebuttable presumption affecting the burden of proof and may be rebutted in an appropriate action only by clear and convincing evidence."

*Due Process Considerations.* Our interpretation of the statute is supported by due process considerations which must govern paternity determinations. ■ In interpreting statutes, we attempt to reach a reasonable construction which brings the statute within constitutional limitations. (*In re Marriage of Shupe* (1983) 139 Cal.App.3d 1026, 1035 [189 Cal.Rptr. 288].)

In *In re Lisa R.* (1975) 13 Cal.3d 636 [119 Cal.Rptr. 475, 532 P.2d 123, 90 A.L.R.3d 1017], the California Supreme Court recognized that ". . . the interest of an unwed father in his children is not only cognizable but also of sufficient substance to warrant deference except when the deprivation comports with equal protection and due process requirements." (*Id.*, at p. 648.) A majority of the United States Supreme Court has recognized that a conclusive presumption of paternity may deprive an alleged natural father of his due process rights. (*Michael H.* v. *Gerald D.* (1989) 491 U.S. 110 [105 L.Ed.2d 91, 109 S.Ct. 2333] (conc. opn. of Stevens, J., and separate dis. opns. by Brennan, J., and White, J.; hereafter cited as *Michael. H.* II); accord, *Michelle W.* v. *Ronald W.* (1985) 39 Cal.3d 354, 360-363 [216 Cal.Rptr. 748, 703 P.2d 88]; *In re Melissa G.* (1989) 213 Cal.App.3d 1082, 1088 [261 Cal.Rptr. 894].)

In *Michael H.* II, the United States Supreme Court, in a five-to-four decision containing five separate opinions, affirmed the California appellate decision in *Michael H.* v. *Gerald D.* (1987) 191 Cal.App.3d 995 [236 Cal.Rptr. 810] which held, after balancing the private interests of the parties with the interests of the state, that a putative father's due process had not been denied by operation of a conclusive presumption of paternity. In *Michael H.* II, Justice Brennan summarized the common ground shared by a majority of the court as follows: "Five Members of the Court refuse to foreclose 'the possibility that a natural father might ever have a constitutionally protected interest in his relationship with a child whose mother was married to and cohabiting with another man at the time of the child's conception and birth.' . . . Five Justices agree that the flaw inhering in a conclusive presumption that terminates a constitutionally protected interest without any hearing whatsoever is a *procedural* one . . . . Four Members of the Court agree that [the putative father] has a liberty interest in his

relationship with [the child], . . . and one assumes for purposes of this case that he does . . . ." (*Michael H.* II, *supra*, 491 U.S. at p. 136 [105 L.Ed.2d at p. 114], dis. opn. of Brennan, J., citations omitted.)[4]

In *In re Lisa R.*, *supra*, 13 Cal.3d at page 647, the court ruled that a putative father could "offer proof in an appropriate judicial proceeding that he is Lisa's natural father notwithstanding a statutory presumption which, on its face, precludes him from doing so." In *In re Melissa G.*, *supra*, 213 Cal.App.3d 1082, the court held that a conclusive presumption of paternity was unconstitutional when applied to the facts before the court.

Consistent with these constitutional principles, we conclude that section 7006, subdivision (c) entitles Madsen to continue his action. Thus, Fuss is not entitled to a mandatory writ.

### DISPOSITION

The petition for writ of mandate is denied. Each party to bear its own costs on appeal.

Hollenhorst, J., and Timlin, J., concurred.

---

[4] Only a plurality of four justices held that when a child is born into an extant marital family it is not unconstitutional for the state to give categorical preference to the husband of the marriage over the natural father of the child. (*Michael H.* II, *supra*, 491 U.S. at pp. 128-129 [105 L.Ed.2d at p. 109].)