[Civ. No. 2697. First Appellate District, Division One.—June 27, 1919.]

## S. D. HARMON, Respondent, v. JOHN KEOUGH et al., Appellants.

[1] CLAIM AND DELIVERY—PLEADING—UNSUPPORTED FINDING—ERROR CURED BY ADMISSION ON APPEAL.—Where the defendants in an action in claim and delivery to recover three mules, expressly concede in their brief on appeal that the complaint contains sufficient, in addition to the allegation to the effect that they had, without the consent of the plaintiff, taken the mules from his possession, to sustain a judgment if there was sufficient evidence of the right of possession in plaintiff at the time the case

was commenced, the error of the trial court in making a finding based upon said averment not supported by the evidence is cured.

[2] ID.—RIGHT OF POSSESSION IN PLAINTIFF — SUFFICIENCY OF EVIDENCE.—In this action in claim and delivery to recover three mules, the evidence was sufficient to sustain the averment in the complaint and the finding of the trial court that at the time of the institution of the action plaintiff was entitled to the possession of the animals in question.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

E. S. Van Meter and C. K. Bonestell for Appellants.

Harris & Hayhurst for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action brought in claim and delivery to recover three mules. The complaint alleged that on or about November 22, 1917, the defendants, without the consent of plaintiff, took said mules from his possession and have ever since retained possession of them. It also alleged that the plaintiff at the time of the commencement of said action was the owner and entitled to the possession of the mules in question, and that he had demanded their delivery prior to the institution of the action. The court found these allegations of the complaint to be true, and gave judgment accordingly in plaintiff's favor for the possession of the animals.

The only contention of the defendants upon appeal is that the evidence does not sustain the findings and judgment of the trial court.

There is no merit in this contention. The facts of the case, as testified to by the plaintiff and his witnesses, and which the court believed and based its findings upon, were these: On November 20, 1917, the plaintiff, who was engaged in purchasing mules for the purpose of selling them to the United States government, went with one Veach, who was a salaried employee of the government, to the defendant's ranch, located about twenty miles from Fresno, and there arranged to buy twenty-four head of mules, nineteen of which were at the time being used in plowing the fields of the defendants, the rest of them being elsewhere about their

premises. Plaintiff and Veach inspected all of these mules
but one, which was described to them, and offered to buy
the lot at $150 per head, which offer being accepted, the
plaintiff paid a deposit of one thousand dollars upon the
purchase price, and it was agreed that the mules should be
delivered to him at the Southern Pacific stockyards in
Fresno a few days later. Upon the date of delivery, the
plaintiff went with Veach to the stockyards, and, according
to their testimony, they there found twenty of the mules
they had theretofore seen, together with four other mules
which had been substituted for four of the best of those
inspected and purchased. The evidence shows that this sub-
stitution was deliberately made by the defendants, and that
their conduct in that behalf was reprehensible. The plain-
tiff rejected the four substituted animals, and with refer-
ence to them had a separate transaction with the defend-
ants, by which he agreed to buy two of the latter mules
for $75 each and one of them for two dollars. He gave
the defendants the two dollars in cash and a check for two
thousand three hundred dollars, and then received eighteen
of the mules he had originally bought, returning the re-
jected animals.

It would thus appear that he paid the defendants upon
the original transaction $3,150, which would have entitled
him to twenty-one mules at the price of $150 each. Having
received but eighteen of these he thus became entitled to
the other three, which, the evidence showed, were at the
time upon the defendants' ranch, where, prior to the insti-
tution of this action, the plaintiff made his demand for said
three mules, which are the subject of this action.

[1] From this statement of the facts of the case it would
seem that the averments of the plaintiff's complaint to the
effect that the defendants had, without the consent of the
plaintiff, taken said mules from his possession, and also the
finding based upon said averment, do not find support in
the evidence in the case. The defendants, however, ex-
pressly concede in their brief that "the complaint contains
sufficient in addition to these useless allegations, to sustain
a judgment if there was sufficient evidence of right of pos-
session at the time the case was commenced." By this
admission whatever error the court may have made in the
finding above referred to is cured; [2] and the evidence

otherwise is amply sufficient to sustain the averment of the complaint and the finding of the court that at 'the time of the institution of this action plaintiff was entitled to the possession of the animals in question.

The judgment is affirmed.

Waste, P. J., and Nourse, J., *pro tem.,* concurred.