[Civ. No. 27768.    Second Dist., Div. Two.    July 22, 1964.]

MADELENE C. CLYNE, Plaintiff and Appellant, v. VIC-
TOR I. CLYNE, Defendant and Respondent.

Gordon M. Emanuel for Plaintiff and Appellant.

Arnold M. Cowan and Emil M. Stranz for Defendant and Respondent.

ROTH, J.—On October 2, 1962, respondent, Victor I. Clyne, who had maintained his marital domicile in California until May 2, 1962, obtained a Nevada divorce from appellant Madelene C. Clyne. The decree provided that the appellant would receive all interest in the family home and furnishings in lieu of alimony and as partial child support. In addition, it provided that respondent would pay $50 per month child support for the couple's minor child. During the course of these proceedings the attorneys for each party corresponded and appellant accepted respondent's quitclaim deed to his interest in the family residence.

On October 5, 1962, appellant filed an action for divorce in California. The amended complaint named respondent and three other parties, each alleged to be holding community property of the Clynes, as defendants. An order to show cause *in re* support and maintenance, costs and attorney's fees was also served with the complaint.

On April 2, 1963, a hearing was held on the order to show cause. Respondent appeared and served appellant's counsel with an affidavit and a brief in support of the validity of the Nevada decree. At the conclusion of the hearing, the court, on respondent's motion, dismissed the complaint.

Appellant appeals from the judgment of dismissal, which does not state the ground upon which it is based,[1] but bottoms

[1]Both appellant's and respondent's briefs are in substantial agreement that the court based its dismissal on the full faith and credit due to the Nevada decree. It may therefore be assumed, *arguendo*, that this was the grounds for the dismissal. (*Standard Iron Works* v. *Maryland*

her appeal on the judgment roll alone which consists of the amended complaint, respondent's affidavit and brief, the order to show cause, the judgment of dismissal and appellant's motion for a new trial and affidavit in support thereof.

If any action was taken on the motion for a new trial it does not appear in the record.

■ Appellant states the question we must decide as follows:

"Upon a hearing of wife's order to show cause *in re* support, costs and attorney's fees, where her complaint for divorce, permanent alimony, costs, attorney's fees, was filed October 5, 1962, and at said hearing her husband presented a purported decree of divorce from the State of Nevada entered on October 2, 1962, does a California Court have jurisdiction to hear said order to show cause, or may said court dismiss said divorce action against all defendants upon the husband's oral motion for dismissal or upon the court's own motion, without prior notice to the wife."

■ Conceding, as we must on the record before us, the validity of the Nevada decree as it affects the marriage bonds, it is nevertheless firmly established that a foreign ex parte divorce does not permit the foreign court to decide a question of California law and that a spouse may bring an action in this state under the theory of "divisible divorce." (*Estin* v. *Estin,* 334 U.S. 541 [68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412]; *Vanderbilt* v. *Vanderbilt,* 354 U.S. 416 [77 S.Ct. 1360, 1 L.Ed.2d 1456]; *Hudson* v. *Hudson,* 52 Cal.2d 735 [344 P.2d 295].) It follows, as the court said in *Hudson, supra,* page 745, " . . . that she may receive temporary alimony, costs, and fees to enable her to continue her suit when she has shown she needs such relief and that defendant has the ability to provide such assistance."

■ On its face, the Nevada judgment is valid insofar as it recites that the Nevada court had jurisdiction over the respondent, the cause of action and to make a determination in the action. It is clear from the foregoing that the court had jurisdiction to act on the order to show cause.

The precise issue that we must decide is whether there was an abuse of discretion by the trial court in granting the

*Casualty Co.,* 56 Cal.App. 600, 601 [206 P. 136]; *Castriotis* v. *Cummins,* 93 Cal.App. 654, 656 [269 P. 115]; *Harmon* v. *Keough,* 41 Cal.App. 773 [183 P. 201].)

motion. The record is limited to the papers itemized herein, hence the error, if any, must appear on the face of the judgment roll. (Cal. Rules of Court, rule 52.)[2] If not, we must accord the judgment all favorable inferences, (*Conner* v. *Rose,* 219 Cal.App.2d 327, 328 [32 Cal.Rptr. 919]; *Utz* v. *Aureguy,* 109 Cal.App.2d 803, 806 [241 P.2d 639]) and the general rules of law stated above would be of little assistance to appellant's cause. Nowhere in the judgment or the judgment roll does it appear that the Nevada court had personal jurisdiction over appellant. ▪ It is settled that absent such jurisdiction the decree was only effective in its severance of the marital bonds.

Moreover, appellant's complaint besides praying for a divorce, support, and permanent alimony, also prayed "[T]hat the Plaintiff have the custody of the minor children of plaintiff and defendant VICTOR I. CLYNE, subject to reasonable visitation, . . . "

▪ It is settled that the courts of this state have the power to determine child custody (or to modify a custody decree if the child is present) whether jurisdiction is based on physical presence (*Stout* v. *Pate,* 120 Cal.App.2d 699 [261 P.2d 788]), domicile or personal jurisdiction over the parents. (*Sampsell* v. *Superior Court,* 32 Cal.2d 763, 777 [197 P.2d 739].) The primary consideration in each case is whether the state has a substantial interest in the welfare of the child and not the hard and fast rules of *res judicata* and conflicts of laws. (*Sampsell* v. *Superior Court, supra.*) The name given to the pleadings is of little consequence to the question of dismissal since it is clear that appellant's prayer for custody may be separated from the prayer for divorce. (*Hudson* v. *Hudson, supra,* 52 Cal.2d 735, 743.)

▪ Since the Nevada decree is silent as to that court's jurisdiction over appellant and appellant raises the question of child custody, a question properly within the trial court's jurisdiction, an abuse of discretion clearly appears on the face of the judgment roll and we are bound by the presumption of rule 52, California Rules of Court, and re-

---

[2]Rule 52 provides: "If a record on appeal does not contain all of the papers, records and oral proceedings, but is certified by the judge or the clerk . . . it shall be presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. On an appeal on the judgment roll alone, . . . the foregoing presumption shall not apply unless the error claimed by appellant appears on the face of the record."

spondent's failure to augment the record to show the curative nature, if any, of the proceedings below.

The judgment is reversed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 18, 1964.