Filed 10/30/14  Decker v. Vestra Resources CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| ANDREW DECKER, | C075297 |
| Plaintiff and Appellant, | (Super. Ct. No. 13CVCV0176787) |
| v. | |
| VESTRA RESOURCES INCORPORATED et al., | |
| Defendants and Respondents. | |

Plaintiff Andrew Decker, acting in propria persona, appeals from an order granting defendant Vestra Resources Incorporated's motion for attorney fees.  Decker contends Vestra is not entitled to attorney fees under either contract or statute, and challenges the amount.  As we explain, Vestra is entitled to attorney fees under both contract and statute, and Decker has failed to show the trial court abused its discretion as to the amount.  Accordingly, we affirm.

1

## BACKGROUND

Decker settled his charge of employment discrimination with Vestra. Under the settlement agreement, Decker received $7,000. The agreement also contained an attorney fee provision that provides: "If any action at law or in equity, or any motion, is brought to enforce, interpret or rescind this Agreement, the prevailing party shall be entitled to all of its costs in bringing and prosecuting said action or motion, including reasonable attorney's fees."

Decker brought an action against Vestra to rescind the settlement agreement, also claiming religious discrimination and wrongful termination with respect to his previous employment there. His additional claims were dependent on his successfully rescinding the settlement agreement. The cause of action for rescission (and thus the entire complaint) was based on a letter Vestra's counsel, Benjamin Kennedy, had sent Decker during negotiation of the settlement. Decker alleged that the letter had caused him to sign the settlement agreement under duress or undue influence.

In response, Vestra brought a special motion to strike Decker's complaint pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[1] The trial court granted the motion. The court found Decker's lawsuit arose from Vestra's exercise of a protected activity--counsel's letter during negotiations. The court further found Decker failed to show a probability of success to rescind the settlement agreement due to duress because the evidence showed Kennedy's letter did not intimidate Decker; it had no effect on him. The court granted judgment to Vestra.

Vestra moved for attorney fees pursuant to section 425.16, subdivision (c)(1) and the attorney fee provision of the settlement agreement.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

The trial court awarded Vestra $16,710 in fees and costs. The court rejected Decker's argument that there was improper billing; it found the award of $16,710 was fair and reasonable.

Decker appealed from this order.

## DISCUSSION

### I

### *Entitlement to Award of Attorney Fees*

"California follows the 'American rule,' under which each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award. [Citations.]" (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc*. (2012) 211 Cal.App.4th 230, 237; §§ 1021, 1033.5, subd. (a)(10).) We review a determination of the legal basis for an award of attorney fees de novo as a question of law. (*G. Voskanian Construction, Inc. v. Alhambra Unified School Dist*. (2012) 204 Cal.App.4th 981, 995.)

Vestra offers two bases for an award of attorney fees. The first is statutory. Section 425.16, subdivision (c)(1) provides in pertinent part: "Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." Vestra was a prevailing defendant on its special motion to strike and none of the exceptions in section 425.16, subdivision (c)(2) apply. Thus, an award of attorney fees was mandatory.

Decker contends Vestra was not the prevailing party because Decker recovered $7,000 under the settlement agreement. Decker is mistaken, however, because he is looking to the wrong proceeding to determine the prevailing party. For the award of attorney fees under section 425.16, the relevant proceeding is the special motion to strike. While Decker argues that he "prevailed" on his original claim against Vestra by obtaining

3

a settlement, it is indisputable that Vestra prevailed completely on its special motion to strike because the court granted the motion and entered judgment for Vestra.

Decker next contends that an award of attorney fees was not mandatory, despite the statute's use of "shall." In support of this argument, he cites to cases where a *plaintiff* was denied fees because the special motion to strike was not frivolous.[2] Vestra, however, was the *defendant*. When a special motion to strike is successful, attorney fees are mandatory. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1141-1142 (*Ketchum*).) "Under section 425.16, subdivision (c), an award of attorney fees to a defendant prevailing on a special motion to strike is mandatory; a prevailing plaintiff is entitled to fees only upon proof that the defendant's motion was frivolous or solely intended to cause unnecessary delay." (*Vargas v. City of Salinas* (2011) 200 Cal.App.4th 1331, 1340-1341.)

Vestra also contends the motion for attorney fees should have been denied because the special motion to strike accomplished nothing of practical consequence. In *Moran v. Endres* (2006) 135 Cal.App.4th 952, the court affirmed denial of attorney fees where the special motion to strike was sustained only as to one of many causes of action. The court found the special motion to strike "obtained only the most illusory victory." (*Id.* at p. 954.) Decker argues Vestra's special motion "produced nothing of consequence" because it simply affirmed the settlement agreement, an act already done. We disagree.

---

[2] As he does throughout his briefing, Decker cites to a number of unpublished opinions. This is improper. An opinion that "is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action." (Cal. Rules of Court, rule 8.1115(a).) There are exceptions, none of which apply here. Decker complains this rule raises due process and freedom of speech considerations. The California Rules of Court are adopted by the Judicial Council under the authority of article VI, section 6(d), of our Constitution and the rules regarding publication were adopted by our Supreme Court. (Cal. Rules of Court, rule 1.3) We are bound by the rules. (See *Clyne v. Clyne* (1964) 228 Cal.App.2d 597, 600 [court bound by presumption in rule 52 (now rule 8.163)].)

4

Vestra was *completely* successful in striking Decker's *entire* complaint and obtaining judgment in its favor. Vestra was entitled to an award of attorney fees by statute.

Vestra was also entitled to attorney fees by contract. The settlement agreement had an attorney fee provision that awarded attorney fees to the prevailing party in an action to rescind the agreement. Vestra prevailed on Decker's suit to rescind the settlement agreement by successfully moving to strike it.

Much of Decker's briefing attacks the settlement agreement--and the attorney fee provision--as unconscionable, as a contract of adhesion. Those contentions are not properly before us. "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.) Decker appealed only from the order awarding attorney fees. He did not appeal from the judgment enforcing the settlement agreement. Consequently, we do not have jurisdiction to consider any issues relating to enforceability of the settlement agreement. (*Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 890.)

II

*Amount of Attorney Fee Award*

In awarding attorney fees under section 425.16, subdivision (c), courts are to use the "lodestar adjustment method." (*Ketchum, supra*, 24 Cal.4th at p. 1136.) This method begins with a touchstone or lodestar figure "based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.' [Citation.]" (*Id.* at pp. 1131-1132.) The lodestar may then be adjusted upward or downward (*id.* at p. 1132), although no adjustment was made in this case. The same method is used in determining a fee award under a contractual attorney fee provision. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM Group*).)

"An appellate court reviews the amount of mandatory attorney fees awarded by the trial court to a defendant who successfully brings an anti-SLAPP motion for abuse of

discretion.  [Citation.]"  (*Paulus v. Bob Lynch Ford, Inc*. (2006) 139 Cal.App.4th 659, 686.)  " 'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong"-- meaning that it abused its discretion.'  [Citations.]"  (*PLCM Group*, *supra,* 22 Cal.4th at p. 1095.)

"In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence.  General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice.  Failure to raise specific challenges in the trial court forfeits the claim on appeal."  (*Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*).)

In support of the motion for attorney fees, Vestra's counsel Kennedy provided detailed billing records of the time he spent on this case.  He declared that he had reviewed the billing records and eliminated or reduced any time that was inefficient.  The trial court found the amount of attorney fees sought was "fair and reasonable."

Decker contends the trial court made "an irrational decision" in the award of attorney fees.  He asserts the court ignored that some of the fees pertained to another case.  Kennedy's billing entry for May 23, 2013, sets forth 3.40 hours for "Meeting with S. Pulapkura and K. Wilkes regarding declaration and status update; continue drafting statement of facts portion to memorandum of points and authorities in support of motion to strike; review demurrer to complaint against S. Pulapkura."  Decker objects to the last task of reviewing the demurrer, contending it involves a separate (apparently related) case against his former co-worker Pulapkura.

In the trial court, Decker objected to the fees generated on May 23, 2013, but on a different basis.  Then, he objected to a declaration of a different attorney, Ward

6

Washington, as well as Kennedy's.[3]  Decker argued Washington and Kennedy could not have performed all the work they claimed on a memorandum of points and authorities and still have filed it by 2:00 p.m. that same day.  Decker did not argue Kennedy's billing was improper because it was for another case.  By failing to raise this objection below, Decker has forfeited it.  "Failure to raise specific challenges in the trial court forfeits the claim on appeal." (*Premier Medical, supra,* 163 Cal.App.4th at p. 564.)  Had Decker raised this challenge before the trial court, Kennedy would have had an opportunity to respond, perhaps to explain why this challenged task was necessary for this case, or that he had deleted or reduced the number of hours for this entry.

We recognize that Decker is appearing without counsel, but that status does not excuse him from following the rules of appellate practice.  "[S]elf-representation is not a ground for exceptionally lenient treatment.  Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation.  [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  Litigants who are in pro per should be treated like any other party and are entitled to the same, but no greater consideration than other attorneys and litigants.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)  "A pro. per. litigant is held to the same restrictive procedural rules as an attorney.  [Citation.]" (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.)

III

*Attorney Fees on Appeal*

Vestra requests attorney fees and costs on appeal.  "The right to attorney fees extends to attorney fees on appeal as well.  [Citations.]" (*Morrow v. Los Angeles Unified*

---

[3]  Ward may have been counsel for Vestra on Decker's complaint against Pulapkura.  The sparse record is not clear on this point.

7

*School Dist*. (2007) 149 Cal.App.4th 1424, 1446.)  The amount of such fees is to be determined by the trial court upon motion by Vestra.  (*Ibid*.)

## DISPOSITION

The judgment is affirmed.  Vestra shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


      DUARTE      , J.


We concur:


     NICHOLSON   , Acting P. J.


     HOCH     , J.